## A99A0827. TAYLOR AUTO GROUP, INC. v. JESSIE et al.

(527 SE2d 256)

BLACKBURN, Presiding Judge.

In this appeal involving the certification of a class action for improper charges imposed on the sale of new cars, Taylor Auto Group, Inc. appeals the trial court's determination that Gejuan Jessie was an adequate class representative to bring such class action claims. Taylor contends (1) that OCGA § 10-1-36.1 (a) bars Jessie's entire case from being brought as a class action; and (2) that Jessie is not an appropriate class representative. For the reasons set forth below, we affirm.

Jessie brought this action against Taylor, complaining that in purchasing a new car she was charged for services she did not receive and overcharged for services she did receive. She seeks damages based on theories of fraud, theft by deception and taking, money had and received, and violations of the Georgia Racketeer Influenced & Corrupt Organizations Act (as a result of theft), the Motor Vehicle Sales Finance Act (MVSFA) and the Uniform Deceptive Trade Practices Act. Following an evidentiary hearing, the trial court entered an order granting in part Jessie's motion to certify the issues in this case for treatment as a class action. We granted Taylor's application for interlocutory appeal.

Jessie bought a new Hyundai automobile from Taylor for $17,866.79, which included a $1,300 extended warranty. In making the purchase, she executed a customer order form followed by a retail installment sales contract, both standardized contract documents. Jessie has identified approximately 1,500 other new car purchasers from Taylor under such contracts.

Jessie complains that under both contract documents she was charged a $45 tag and title fee, whereas $38 is the actual fee imposed by the State for providing a tag and certificate of title; that the customer order form imposed an additional $99.50 charge for nonexistent services, i.e., "notary and filing fee rights act"; and that the contract documents failed to reveal a markup for the extended warranty payable to a third party in violation of a provision in the contract requiring disclosure of the identity of the payment recipient.

Taylor has shown that the $99.50 it allegedly charged for nonexistent "notary and filing fee rights act" services was simply misidentified on the customer order form, but correctly shown on the sales contract to consist of a $96.50 document preparation fee and a $3 fee imposed under the Motor Vehicle Warranty Rights Act. OCGA § 10-1-780 et seq. The $3 fee is mandated by OCGA § 10-1-789, and Taylor has presented evidence to the effect that the document preparation fee is a mechanism through which it allocates to each car purchaser various administrative expenses it incurs in doing tag and title work.

There is no "notary and filing fee rights act."

In her deposition, Jessie acknowledged she did not read the contract documents before signing them, but only scanned portions of them to ensure that the car she was purchasing had the features she wanted and that the monthly payments were affordable.

While the motion for class certification was pending, Taylor refunded the $7 in tag and title overcharges to the other customers identified by Jessie, and the trial court did not certify this claim for class action treatment. The court also held that under OCGA § 10-1-36.1 (a), the count of the complaint alleging violation of the MVSFA cannot be brought as a class action. The court certified the remaining counts of the complaint as a class action.

1. Taylor contends that OCGA § 10-1-36.1 (a) prohibits this entire case from being brought as a class action. We disagree.

OCGA § 10-1-36.1 (a), which is part of the MVSFA, provides: "A claim of violation of any loan or contract secured by an interest in a motor vehicle may be asserted in an individual action only and may not be the subject of a class action under Code Section 9-11-23 or any other provisions of law."

"In interpreting statutes, courts must look for the intent of the legislature and construe statutes to effectuate that intent. [Cits.]" *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991); see *Patterman v. Travelers, Inc.*, 235 Ga. App. 784, 785 (510 SE2d 307) (1998). OCGA § 10-1-36.1 (a) is intended to prohibit class action certification for a claim that any loan or contract secured by an interest in a motor vehicle *violates the MVSFA*. See *Southern Guaranty Corp. v. Doyle*, 256 Ga. 790, 794 (5) (353 SE2d 510) (1987); cf. *Pardue v. Bankers First Fed. Sav. &c. Assn.*, 175 Ga. App. 814 (334 SE2d 926) (1985). It does not, as Taylor contends, reach the "universe" of claims founded on loans or contracts secured by a motor vehicle. As such, this assertion lacks merit.

2. Taylor contends that for other reasons, including the lack of efficacy in Jessie's claims, the remaining counts of the complaint are inappropriate for treatment as a class action. Again, we disagree. "[I]n determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of [OCGA § 9-11-23] have been met." *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 954 (1) (216 SE2d 897) (1975).

The certification of a class action is a matter of discretion for the trial judge, and, absent an abuse of that discretion, we should not disturb the trial court's decision. *Trend Star Continental, Ltd. v. Branham*, 220 Ga. App. 781, 782 (1) (469 SE2d 750) (1996). Here, the trial court specifically found that Jessie was an adequate class representative under OCGA § 9-11-23. "The important aspects of adequate

representation are whether the plaintiffs' counsel is experienced and competent and whether plaintiffs' interests are antagonistic to those of the class." *Stevens v. Thomas*, 257 Ga. 645, 649 (361 SE2d 800) (1987). The trial court, finding no evidence showing that Jessie's interests are in conflict with the interest of other class members, determined that she was an adequate class representative.

Any argument that Jessie is not an adequate representative because she will not ultimately prevail on her claim does not comprise an appropriate basis for denying class certification. *Sta-Power Indus.*, supra. Here, the trial court did not abuse its discretion by determining that the requirements for class certification, numerosity, commonality and adequacy of representation, had been met.

*Robinson v. Sheriff of Cook County*, 167 F3d 1155, 1157 (7th Cir. 1999), does not require a different result. That case presented a unique situation because there, the trial court had already ruled on the merits of the plaintiff's claim. There, after the plaintiff's suitability as a class representative was challenged, the trial court conducted a bench trial and ultimately dismissed the plaintiff's claim. Although affirming the trial court's denial of class certification, Judge Posner observed that

> [t]he point is not that a plaintiff is disqualified as class representative if he *may* fail to prove his case or if the defendant *may* have good defenses. That would imply that the only appropriate class representative is a plaintiff who has a 100 percent chance of prevailing if the case is tried. But if his claim is a clear loser at the time he asks to be made class representative, then approving him as class representative can only hurt the class.

(Emphasis supplied.) Id. at 1158.

In the present case, all that has been contended is that Jessie may fail to prove her claim or the defense may have good defenses. Unlike *Robinson*, the trial court has not ruled on the merits of Jessie's case, and we have no authority to impose our judgment on this issue. We can only correct errors, and where the trial court has not ruled on an issue, he could not have erred in connection therewith. Thus, we have nothing to review as to the merits of Jessie's claim.

The trial court's certification of the class should be affirmed.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED DECEMBER 17, 1999 —

*Hull, Towill, Norman & Barrett, David E. Hudson*, for appellant.

*Bell & James, John C. Bell, Jr., Pamela S. James*, for appellees.
*Schulten, Ward & Turner, Lou Litchfield*, amicus curiae.