A06A1334. GRIFFIN INDUSTRIES, INC. et al. v. GREEN et al.
(635 SE2d 231)

RUFFIN, Chief Judge.

Griffin Industries operates a rendering plant in East Dublin. Cynthia Green, Ann Fennell, Joyce Renfroe, and Richard Kight (collectively, the "plaintiffs") are individuals who own or previously owned real property within a two-mile radius of the plant. The plaintiffs contend that the plant emits a noxious odor that creates a nuisance and, consequently, lowers their property values. In their complaint, the plaintiffs ask for injunctive relief, compensation for the diminution in value of their property, and punitive damages, and they seek to represent a class of persons they define as "[a]ll individuals and non-governmental entities (other than Defendants) that own or have owned property within two (2) miles of the Laurens County Plant." The trial court granted the plaintiffs' motion for class certification, and Griffin Industries appeals. Because we find the trial court's order on class certification inadequate, we vacate it and remand for the entry of a more detailed order in compliance with OCGA § 9-11-23 (f) (3).

A trial court has broad discretion in deciding whether to allow a case to proceed as a class action, and we will affirm its ruling absent an abuse of discretion.[1] OCGA § 9-11-23 sets forth the requirements for certification of a class action, which are:

---

[12] See *In the Interest of L. J. L.,* 247 Ga. App. 477, 481 (543 SE2d 818) (2001).

[1] See *UNUM Life Ins. Co. of America v. Crutchfield,* 256 Ga. App. 582 (568 SE2d 767) (2002).

(1) numerosity — that the class is so numerous as to make it impracticable to bring all members before the court; (2) commonality — that there are questions of law and fact common to the class members which predominate over any individual questions; (3) typicality — that the claim of the named plaintiff is typical of the claims of the class members; (4) adequacy of representation — that the named plaintiff will adequately represent the interest of the class; and (5) superiority — that a class action is superior to other methods of fairly and efficiently adjudicating the controversy.[2]

All of these factors should be considered by the trial court in determining whether to certify a class.[3]

1. Griffin Industries contends that the trial court erred in failing to make required findings of fact in its order certifying the class. When deciding an issue of class certification, the trial court

shall enter a written order addressing whether the factors required by this Code section for certification of a class have been met and specifying the findings of fact and conclusions of law on which the court has based its decision with regard to whether each such factor has been established.[4]

Here, the trial court's order, three and a half pages in length, contains no findings of fact and very brief conclusions of law. The order does not specify the findings of fact and conclusions of law the trial court used in evaluating whether each of the five factors was present, and the trial court did not make any oral findings at the hearing. In fact, the entire analysis of three of the factors consists of one sentence in the order: "[t]he Court finds that [the] [p]laintiffs have met the requirements of numerosity, adequacy and typicality." We thus find that the trial court's order does not satisfy the requirements of OCGA § 9-11-23 (f) (3).

Griffin Industries asserts, however, that even though the trial court's order was insufficient, we should not remand the case but rather should reverse the class certification because there were no

---

[2] *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 126 (2) (610 SE2d 529) (2005) (interpreting version of OCGA § 9-11-23 in effect for cases filed prior to July 1, 2003; this action was filed in April 2003).

[3] See id. at 127.

[4] OCGA § 9-11-23 (f) (3). This section of the statute was amended effective April 22, 2005 and applies to "all cases pending on that effective date in which the trial court has not yet certified the case as a class action." Ga. L. 2005, p. 303, § 2. Thus, the amended version applies here, as the trial court did not certify the class in this case until November 8, 2005.

facts presented that would support the trial court's finding of commonality, and the record cannot be supplemented as class discovery has ended. Upon review of the pleadings and the transcript of the class certification hearing, however, it appears that the plaintiffs did raise several issues of fact common to all, including whether any odor in fact emanated from the plant, whether Griffin Industries operated the plant in a negligent, improper, or illegal manner, and whether the plaintiffs' claims are barred by the Right to Farm Act. At this stage, the plaintiffs need only present information sufficient to establish the existence of such common issues; they are not required to establish that they will ultimately prevail on the merits.[5] And whether the common issues predominate over individual ones is a matter for the trial court to resolve.[6]

Because the trial court did not make the necessary findings of fact and conclusions of law, we have no basis to evaluate whether the trial court properly exercised its discretion in granting class certification.[7] Accordingly, we vacate the trial court's order and remand for the entry of a more detailed order addressing whether the factors for class certification have been met and specifying the findings of fact and conclusions of law supporting the decision.[8]

2. Because of our holding in Division 1, we need not address Griffin Industries' argument that the trial court erred in certifying the class because individual issues predominate over common issues of fact.

3. Further, because of our holding in Division 1, the plaintiffs' motion for immediate remand of the case for the entry of a new order on class certification by the trial court is moot.[9]

*Judgment vacated and case remanded. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 31, 2006.

[5] *Taylor Auto Group v. Jessie*, 241 Ga. App. 602, 603 (2) (527 SE2d 256) (1999).

[6] See *Hooters of Augusta v. Nicholson*, 245 Ga. App. 363, 367-368 (4) (537 SE2d 468) (2000).

[7] See, e.g., *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 146-147 (1) (475 SE2d 601) (1996) (remand necessary where the trial court failed to make specific findings of fact before granting a permanent injunction); *Cody v. Coldwell Banker Real Estate Corp.*, 248 Ga. App. 180, 180-181 (546 SE2d 299) (2001) (vacating trial court's order dismissing appeal for unreasonable delay in filing transcript when trial court failed to make required findings of fact; without these findings, appellate court cannot determine whether there was an abuse of discretion).

[8] See, e.g., *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 246 (2) (614 SE2d 875) (2005) (in case decided under Code section requiring consideration of seven factors in evaluating forum non conveniens, where order does not reveal factors weighed by the trial court, it must be vacated and case remanded).

[9] While the plaintiffs do not concede that the order is flawed, they nonetheless argue that judicial economy dictates an immediate remand if we find the order inadequate.

*Powell Goldstein, L. Lin Wood, Jr., William V. Custer IV, Leah J. Knowlton, Katherine V. Hernacki, Eric P. Schroeder*, for appellants.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant, Michael B. Terry, Steven J. Rosenwasser*, for appellees.