A07A0182. McDONALD OIL COMPANY et al. v. CIANOCCHI.
(648 SE2d 154)

MIKELL, Judge.

McDonald Oil Company operates gas stations and convenience stores in Georgia and Alabama. On August 8, 2002, appellee Karen Cianocchi,[1] who managed one of the stores from January 20, 1997, through March 8, 2000, filed a renewal action against McDonald Oil Company, individually and d/b/a Money Back Stores (51 stores), Frisky Whisky # 1 and # 2, Herbert Lowery, and John A. McDonald, individually and as chief executive officer of McDonald Oil Company, alleging conversion, fraud and misrepresentation, and violations of Georgia's minimum wage and RICO statutes. The claims against the appellants arose out of Cianocchi's complaints that the company required its managers to reimburse it for bad checks written by customers; to provide promissory notes for third party theft losses; and to falsify time sheets to circumvent the minimum wage statute. Cianocchi filed a motion to maintain class action and for class certification on April 5, 2006. Without holding a hearing on Cianocchi's motion, the trial court issued an order on July 14, 2006, certifying the case as a class action and Cianocchi as the class representative. Appellants appeal from that order, arguing that the trial court abused its discretion in certifying the class because it failed to comply with OCGA § 9-11-23. Because the trial court did not hold

---

[1] It appears from the record and appellate briefs that appellee's last name is Cianocchi, as opposed to Cianocci, as indicated on the notice of appeal and this court's docket. Therefore, we will refer to her herein using the correct spelling of her name.

a hearing on the issue of class certification and we find the trial court's order on class certification inadequate, we vacate the order and remand the case for a hearing on certification and the entry of an order in compliance with OCGA § 9-11-23 (f) (3).

1. "Certification of a class action is a matter of discretion with the trial judge, and, absent abuse of that discretion, we will not disturb the trial court's decision."[2] "In determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of OCGA § 9-11-23 have been met."[3] Effective April 22, 2005,[4] OCGA § 9-11-23 (f) (1) requires the court to hold a hearing on the issue of class certification, and subsection (f) (3) requires the court to "enter a written order addressing whether the factors required by this Code section for certification of a class have been met and specifying the findings of fact and conclusions of law on which the court has based its decision with regard to whether each such factor has been established." An action may be certified as a class action if the following factors are satisfied:

(1) numerosity — that the class is so numerous as to make it impracticable to bring all members before the court; (2) commonality — that there are questions of law and fact common to the class members which predominate over any individual questions; (3) typicality — that the claim of the named plaintiff is typical of the claims of the class members; (4) adequacy of representation — that the named plaintiff will adequately represent the interest of the class; and (5) superiority — that a class action is superior to other methods of fairly and efficiently adjudicating the controversy.[5]

These are the factors that must be addressed specifically in the trial court's order on the issue of certification.[6]

In the instant case, the trial court did not hold a hearing and issued an order stating only that "this matter is now certified as a

---

[2] (Citation omitted.) *UNUM Life Ins. Co. of America v. Crutchfield*, 256 Ga. App. 582 (568 SE2d 767) (2002).

[3] (Citation and punctuation omitted.) *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 129 (4), n. 27 (610 SE2d 529) (2005).

[4] Senate Bill 19, which amended subsection (f) of OCGA § 9-11-23, was signed by the Governor on April 22, 2005. Section 2 of the bill expressly provides that the statute shall be applied "to all cases pending on that effective date in which the trial court has not yet certified the case as a class action and to all cases filed on or after that effective date."

[5] (Citation omitted.) *J.M.I.C. Life Ins. Co. v. Toole*, 280 Ga. App. 372, 376 (2) (634 SE2d 123) (2006).

[6] OCGA § 9-11-23 (f) (3).

class acti[o]n, that Karen Cianocchi is certified as an adequate representative of the class and that this matter shall proceed as a class action." The trial court made no findings of fact and conclusions of law in its order. Because the trial court failed to do so, "we have no basis to evaluate whether the trial court properly exercised its discretion in granting class certification."[7] Consequently, we vacate the trial court's order and remand for a hearing on the issue of certification and the entry of a detailed order addressing whether the factors for class certification have been met and specifying the findings of fact and conclusions of law supporting the decision.[8]

2. We deny Cianocchi's motion to dismiss for lack of jurisdiction. Pursuant to OCGA § 9-11-23 (g), the court's interlocutory order certifying the class is directly appealable.[9]

*Judgment vacated and case remanded. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 14, 2007.

*Page, Scrantom, Sprouse, Tucker & Ford, William L. Tucker*, for appellants.
*Peter G. Williams*, for appellee.

---

[7] (Footnote omitted.) *Griffin Indus. v. Green*, 280 Ga. App. 858, 860 (1) (635 SE2d 231) (2006).

[8] See id.

[9] See *Toole*, supra at 372, n. 1.