A07A1244. GAY et al. v. B. H. TRANSFER COMPANY.
(652 SE2d 200)

ANDREWS, Presiding Judge.

Donnie R. Gay and five other independent contractor truck drivers (the named truckers)[1] brought an action against B. H. Transfer Company (B. H.) asserting claims for breach of contract and intentional misrepresentation, and seeking to have the action certified as a class action brought by the named truckers on behalf of a class of similarly situated truckers. The named truckers appeal from the trial court's order denying their motion for class certification. For the following reasons, we reverse in part, vacate in part, and remand the case to the trial court.

In their action against B. H., the named truckers contended that they entered into the same or substantially similar contracts with B. H. to transport goods by truck, that B. H. breached the contracts and made related misrepresentations, and that as a result of those breaches and misrepresentations, B. H. failed to pay them the full amounts that they were owed under the contracts. In their motion for

---

[1] In addition to Gay, the named truckers are Bobby Hall III, John B. King, James Osburn, Russell S. Sheppard, and Bennie Walker.

class certification, the named truckers asserted that approximately 171 other truckers entered into the same or substantially similar contracts with B. H., and that B. H. failed to pay those truckers the full amounts they were owed under the contracts as a result of the same breaches of contract and misrepresentations. Accordingly, the named truckers sought an order pursuant to OCGA § 9-11-23 certifying the action against B. H. as a class action authorizing them to maintain the action as representatives of a certified class of all similarly situated truckers.

To obtain certification as a class action, the named truckers were required to satisfy all four prerequisites of OCGA § 9-11-23 (a) and meet the additional requirements set forth in any one of the three subsections of OCGA § 9-11-23 (b) (1) or (2) or (3).[2] See 7AA Wright, Miller & Kane, Federal Practice and Procedure, § 1785 (3d ed. 2005) (construing class action provisions of Rule 23 of the Federal Rules of Civil Procedure (FRCP)). Section 9-11-23 (a) describes the prerequisites commonly referred to as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation, as follows:

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) The class is so numerous that joinder of all members is impracticable; (2) There are questions of law or fact common to the class; (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) The representative parties will fairly and adequately protect the interests of the class.

OCGA § 9-11-23 (a). As to the additional requirements set forth in OCGA § 9-11-23 (b) (1), (2) or (3), compliance with any one of these three subsections is sufficient, and in this case the named truckers sought class action certification pursuant to OCGA § 9-11-23 (b) (3). Section 9-11-23 (b) (3) sets forth additional requirements commonly referred to as predominance and superiority, described as follows:

> (b) An action may be maintained as a class action if the prerequisites of subsection (a) of this Code section are satisfied, and, in addition . . . (3) The court finds that the

---

[2] The present action was filed on August 14, 2003, so it is controlled by the 2003 amendments to OCGA § 9-11-23 applicable to civil actions filed on or after July 1, 2003. Ga. L. 2003, pp. 820, 828, § 9. Because those amendments were modeled on the class action provisions of Rule 23 of the Federal Rules of Civil Procedure, authority construing Rule 23 provides guidance. See A. S. Harris, C. Ferrier, A. S. Lewinter, Civil Practice, 20 Ga. St. U. L. Rev. 28, 36 (2003).

questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) The interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) The difficulties likely to be encountered in the management of a class action.

OCGA § 9-11-23 (b) (3).

In its order denying the motion for class certification, the trial court found that the numerosity requirement of OCGA § 9-11-23 (a) (1) was satisfied based on evidence that over 150 truckers had entered into similar contracts with B. H., but the court found that the requirements for commonality, typicality, and adequacy of representation in OCGA § 9-11-23 (a) (2), (3), and (4), and the requirements for predominance and superiority in OCGA § 9-11-23 (b) (3) had not been satisfied. As to commonality, typicality, adequacy of representation, and predominance, the trial court concluded that, because there was no merit to the underlying claims made by the named truckers against B. H., none of these requirements were satisfied. We agree with the named truckers that this was error. "[I]n determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of [OCGA § 9-11-23] have been met." *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 954 (216 SE2d 897) (1975) (citing to the U. S. Supreme Court's construction of class action provisions of Rule 23 of the FRCP in *Eisen v. Carlisle & Jacquelin*, 417 U. S. 156 (94 SC 2140, 40 LE2d 732) (1974)). Nevertheless, determining whether the requirements of OCGA § 9-11-23 for certification of an action as a class action have been met generally involves considerations that are enmeshed with the merits of the action. *McGarry v. Cingular Wireless*, 267 Ga. App. 23, 26 (599 SE2d 34) (2004); *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 129 (610 SE2d 529) (2005). In ruling on class certification, it is therefore appropriate to consider the merits of the action sought to be certified to the degree necessary to determine whether the requirements of OCGA § 9-11-23 have been satisfied. *McGarry*, 267 Ga. App. at 26; see *Heffner v. Blue Cross and Blue Shield of Alabama*, 443 F3d 1330, 1337 (11th Cir. 2006). In this case, the trial court erred as a matter of law because,

instead of considering the merits of the action to the degree necessary to effectively address the requirements of OCGA § 9-11-23, the court found, in effect, that those requirements were moot because there was no merit to the action. The judgment of the trial court is reversed to the extent the court denied the motion for class action certification by looking solely to the merits of the action, and the case is remanded for entry of an order addressing the requirements of OCGA § 9-11-23.[3]

As to adequacy of representation, the trial court found that this requirement was not satisfied for the additional reason that "there are substantial potential conflicts of interest that preclude class certification." Noting that there is a pending motion for attorney fees under OCGA § 9-15-14 asserted by B. H. against the named truckers and their attorneys, the trial court asserted, without elaboration, that potential conflicts of interest exist between the named truckers and other potential class members, and between the attorneys for the named truckers and potential class members. As to the superiority requirement, the trial court simply restated the requirement as set forth in the language of OCGA § 9-11-23 (b) (3) and held that it was not satisfied. Under OCGA § 9-11-23 (f) (3),[4] when deciding whether a requested class is to be certified, the trial court "shall enter a written order addressing whether the factors required by this Code section for certification of a class have been met and specifying the findings of fact and conclusions of law on which the court has based its decision with regard to whether each such factor has been established." "A trial court has broad discretion in deciding whether to allow a case to proceed as a class action, and we will affirm its ruling absent an abuse of discretion." (Footnote omitted.) *Griffin Indus. v. Green*, 280 Ga. App. 858 (635 SE2d 231) (2006). We find that the trial court's reference to the pending motion and to unspecified potential conflicts of interest on the adequacy of representation requirement, and the court's cursory ruling on the superiority requirement, do not satisfy the specificity provisions of OCGA § 9-11-23 (f) (3) or provide

---

[3] This does not mean that a trial court is required to certify a class action, or allow a certified class action to continue, where the court has otherwise ruled by summary judgment that the action has no merit. Obviously, a plaintiff against whom summary judgment has been granted "cannot claim membership in, and is not eligible to represent, the purported class." *Dryvit Systems v. Stein*, 256 Ga. App. 327, 329 (568 SE2d 569) (2002); *Life Ins. Co. of Ga. v. Meeks*, 274 Ga. App. 212, 218 (617 SE2d 179) (2005); *Williams v. Cox Enterprises*, 159 Ga. App. 333, 335 (283 SE2d 367) (1981).

[4] The 2005 amendments to OCGA § 9-11-23 rewriting subsection (f) and adding subsection (g) also apply to this action. Ga. L. 2005, pp. 303-304, § 1. The 2005 amendments became effective on April 22, 2005, and "apply to all cases pending on that effective date in which the trial court has not yet certified the case as a class action and to all cases filed on or after that effective date." Ga. L. 2005, pp. 303, 304, §§ 2, 3.

a sufficient basis for this Court to evaluate whether the trial court properly exercised its discretion in denying class certification. Id. at 859-860. Accordingly, to the extent of these rulings, the trial court's judgment is vacated and the case is remanded for entry of a more detailed order addressing these requirements.

*Judgment reversed in part and vacated in part, and case remanded. Adams, J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED SEPTEMBER 21, 2007.

*Savage & Turner, Robert B. Turner*, for appellants.

*Alston & Bird, J. Thomas Kilpatrick, Matthew J. Gilligan*, for appellee.