A09A0639. PECK et al. v. LANIER GOLF CLUB, INC.
(680 SE2d 595)

ANDREWS, Presiding Judge.

Michael Peck filed a petition for class certification on behalf of himself and all homeowners with lots adjacent to the Lanier Golf Club, Inc., requesting a declaratory judgment from the court that the adjacent lot owners had "an irrevocable property interest in the Golf Course" and limiting the use of the property "to golf course purposes only." The trial court denied the petition for class certification, finding that Peck did not have an implied restrictive covenant on the golf course, and dismissed Peck's claim for lack of standing. Because the order signed by the trial court addressed only the merits of the underlying claim and did not make the required findings of fact and conclusions of law with regard to whether each factor required by OCGA § 9-11-23, the class action statute, had been established, we reverse the dismissal and remand the case to the trial court for further proceedings.

This case arose when the owners of the Lanier Golf Club proposed to sell the land to a developer and filed an application to rezone the property. Peck, who owns a lot adjacent to the golf course, filed this declaratory judgment action on behalf of himself and other similarly situated landowners claiming that because the golf course was a material part of the value of their property, because they paid a premium price for the golf course lots, and because the golf course was the principal incentive for the purchase of the lots, the landowners had acquired an "easement or implied covenant" in the golf course. The relief requested was that "[t]he Court declare and enforce against Defendant or any new owners an implied restriction limiting use of this property to golf course purposes only."

Peck filed a motion to certify the class. He stated that there were 121 landowners with property adjacent to the golf course and submitted affidavits from several of the landowners, who were also deposed, stating, inter alia, that they owned property adjacent to the golf course, paid a higher price for their property because of the golf course, and had seen property values decrease as a result of the closing of the course and the pending sale for development. Peck also submitted testimony from a real estate agent who testified that the lots were marketed as golf course lots and therefore people paid almost three times more for those lots than similar lots not adjacent to the golf course. Peck contended that he had stated a cognizable claim, citing *Forsyth County v. Martin*, 279 Ga. 215, 217 (1) (610

SE2d 512) (2005) ("plaintiffs established they purchased their lots according to a subdivision plat which had a lake area designated on it and paid more for their lakefront lots than the purchase price for non-lakefront lots, thereby acquiring an irrevocable easement in the lake") (citations omitted).

After the hearing on Peck's motion to certify the class, the trial court denied the motion and dismissed the claim. This appeal followed.

When a court determines the propriety of a class action, "the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of [OCGA § 9-11-23] have been met." (Citation omitted.) *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 954 (1) (216 SE2d 897) (1975). "Any assertion that the named plaintiff cannot prevail on [his] claims does not comprise an appropriate basis for denying class certification." (Punctuation and footnote omitted.) *Village Auto Ins. Co. v. Rush*, 286 Ga. App. 688, 692 (2) (649 SE2d 862) (2007). Further, "[a]ny argument that [Peck] is not an adequate representative because [he] will not ultimately prevail on [his] claim does not comprise an appropriate basis for denying class certification." (Citation omitted.) *Taylor Auto Group v. Jessie*, 241 Ga. App. 602, 604 (2) (527 SE2d 256) (1999).

Rather, the claim must be analyzed under OCGA § 9-11-23, which provides in pertinent part:

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) The class is so numerous that joinder of all members is impracticable; (2) There are questions of law or fact common to the class; (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) The representative parties will fairly and adequately protect the interests of the class.

> (b) An action may be maintained as a class action if the prerequisites of subsection (a) of this Code section are satisfied, and, in addition: (1) The prosecution of separate actions by or against individual members of the class would create a risk of: (A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or (B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; (2) The party

opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) The interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) The difficulties likely to be encountered in the management of a class action.

. . .

Thus, in order to obtain certification as a class action, the named plaintiff was required to satisfy all four prerequisites of OCGA § 9-11-23 (a) and meet the additional requirements set forth in any one of the three subsections of OCGA § 9-11-23 (b) (1) or (2) or (3). See 7AA Wright, Miller & Kane, Federal Practice and Procedure, § 1785 (3d, ed. 2005) (construing class action provisions of Rule 23 of the Federal Rules of Civil Procedure (FRCP)). Here, contrary to the trial court's order which "assumes that Plaintiff is traveling under section (b) (3)," Peck stated at the hearing that he was asking for a declaratory judgment and proceeding under OCGA § 9-11-23 (b) (2), which provides that "[t]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Having satisfied that requirement, it remained, therefore, for Peck to satisfy the four prerequisites of OCGA § 9-11-23 (a): numerosity, commonality, typicality and adequacy of representation. The order signed by the trial court, however, consists almost entirely of findings of fact on the merits of Peck's claim. The order does not analyze all of the factors under OCGA § 9-11-23 (a) and those it does discuss are dealt with solely under the guise of the substantive underlying claim.

Under OCGA § 9-11-23 (f) (3),

[w]hen deciding whether a requested class is to be certified, the [trial] court shall enter a written order addressing

whether the factors required by this Code section for certification of a class have been met and specifying the findings of fact and conclusions of law on which the court has based its decision with regard to whether each such factor has been established.

Although it is appropriate to consider the merits of the action sought to be certified to the degree necessary to determine whether the requirements of OCGA § 9-11-23 have been satisfied, *McGarry v. Cingular Wireless*, 267 Ga. App. 23, 26 (599 SE2d 34) (2004), the trial court in this case found, in effect, that those requirements were moot because there was no merit to the action.

Because the trial court did not make the necessary findings of fact and conclusions of law, there is nothing in the order for us to evaluate. See *Griffin Indus. v. Green*, 280 Ga. App. 858, 860 (635 SE2d 231) (2006). Accordingly, the judgment of the trial court is reversed to the extent the court denied the motion for class action certification by looking solely to the merits of the action. To the extent that the trial court failed to properly analyze the requirements of OCGA § 9-11-23 (a) and (b), the trial court's judgment is vacated and the case is remanded for entry of a more detailed order addressing these requirements. See *Griffin*, supra. See also *Gay v. B. H. Transfer Co.*, 287 Ga. App. 610, 614 (652 SE2d 200) (2007) (physical precedent only).

*Judgment reversed in part and vacated in part, and case remanded. Miller, C. J., and Barnes, J., concur.*

DECIDED JUNE 25, 2009.

*McFarland & McFarland, Robert P. McFarland*, for appellants.
*Andrea C. Jones*, for appellee.

