### A10A1466. ALEMAN v. UHS-PRUITT HOLDINGS, INC. et al.
(703 SE2d 96)

PHIPPS, Presiding Judge.

Marcos Aleman, whose deceased wife had been a patient at a hospice affiliated with UHS-Pruitt Holdings, Inc., brought a putative class action against the hospice and UHS-Pruitt on behalf of

> [a]ll surviving spouses from February 14, 1999 through the present, who have requested medical records from Defendant Hospice and/or Defendant UHS-Pruitt, and who[se] request was denied because he or she was not an administrator or executor of the respective decedent's estate.

The trial court denied Aleman's motion to certify a class, finding that he had "failed to show there [were] numerous other potential persons in his similar situation or that there [was] substantial commonality amongst those potential claims."

Aleman appeals the denial of class certification. He contends, inter alia, that the trial court's order denying class certification failed to comply with the requirements set forth in OCGA § 9-11-23 (f) (3), which provides in pertinent part that a court, when deciding whether a requested class is to be certified,

> . . . shall enter a written order addressing whether the factors required by [OCGA § 9-11-23] for certification of a class have been met and specifying the findings of fact and conclusions of law on which the court has based its decision with regard to whether each such factor has been established. . . .

The trial court's order denying Aleman's motion for class certification stated that Aleman had not made the showings of numerosity or commonality required for class certification,[1] but it failed to specify any findings of fact on which the court based this decision. Consequently, the order did not satisfy the requirements of

---

[1] See OCGA § 9-11-23 (a).

OCGA § 9-11-23 (f) (3).[2] Moreover, it is unclear from the record on appeal what evidence, if any, was presented to the trial court in support of the class certification motion, because the notice of appeal asked that all but certain items be omitted from the record. Thus, without the trial court's specific findings of fact, we have no basis to evaluate whether the trial court properly exercised its discretion in denying class certification.[3]

Accordingly, we vacate the trial court's order and remand the case for the entry of a more detailed order that, in accordance with OCGA § 9-11-23 (f) (3), specifies the findings of fact and conclusions of law supporting the court's decision as to whether the class certification factors have been met.[4]

*Judgment vacated and case remanded with direction. Miller, C. J., and Johnson, J., concur.*

DECIDED OCTOBER 28, 2010.

*Jimmy Hwang*, for appellant.
*Arnall, Golden & Gregory, Jason E. Bring*, for appellees.

---

[2] See *Griffin Indus. v. Green*, 280 Ga. App. 858, 859 (1) (635 SE2d 231) (2006).

[3] See id. at 860. Compare *Diallo v. American Intercontinental Univ.*, 301 Ga. App. 299, 306 (3) (687 SE2d 278) (2009) (order provided basis for evaluating the trial court's exercise of discretion in denying class certification, even though it did not address all the class certification factors, where trial court made findings and conclusions regarding factor that it found not to have been shown, and appellants did not assert that, in denying their motion, the order failed to specifically address that factor); *Roland v. Ford Motor Co.*, 288 Ga. App. 625, 628-629 (1) (655 SE2d 259) (2007) (order provided basis for evaluating the trial court's exercise of discretion, even though it did not address all the class certification factors, where the order referenced the factors the court relied upon in denying class certification and gave a brief discussion of the facts and law the court relied upon in arriving at its conclusions).

[4] *Griffin Indus.*, supra.