**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 16, 2015**

# In the Court of Appeals of Georgia

A15A1522, A15A1523, A15A1524. GLYNN COUNTY, GEORGIA
v. COLEMAN, et al. (three cases).

BOGGS, Judge.

In these consolidated appeals, Glynn County ("the County") appeals from orders certifying three related class actions brought by Elizabeth and J. Matthew Coleman, IV ("the Colemans"). In each of these cases, the County asserts that the trial court erred by granting the class certification. In Case No. A15A1522, the County also asserts that the trial court should have considered and granted its motion to dismiss the class allegations in the Colemans' complaint. For the reasons explained below, we affirm.

The record shows that the Colemans filed three class action lawsuits against the County seeking a refund of ad valorem taxes under OCGA § 48-5-380, a declaratory judgment, as well as equitable, injunctive, and mandamus relief. In Case

No. A15A1522, the trial court certified four classes: (1) taxpayers for whom an exemption was miscalculated in any year between 2001 and 2007; (2) taxpayers for whom an exemption was miscalculated in 2008; (3) taxpayers for whom an exemption was miscalculated in 2009; and (4) taxpayers for whom an exemption was miscalculated in 2010. In Case No. A15A1523, the trial court certified a class for tax years 2011 and 2012, and in Case No. A15A1524, the trial court certified a class for tax years 2013 and 2014. The County appeals from these class certification orders. In Case No. A15A1522, it also appeals from the trial court's denial of its motion to dismiss the class allegations in the Colemans' complaint.

As a preliminary matter, we note that "[o]n appellate review of a trial court's decision on a motion to certify a class, the discretion of the trial judge in certifying or refusing to certify a class action is to be respected in all cases where not abused." (Citation and punctuation omitted.) *State Farm Mut. Auto Ins. Co. v. Mabry*, 274 Ga. 498, 499-500 (1) (556 SE2d 114) (2001).

> When a court determines the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of OCGA § 9-11-23 have been met. Any assertion that the named plaintiff cannot prevail on [his] claims does not comprise an appropriate basis for denying class certification. Further, any argument that [plaintiff] is not

2

an adequate representative because [he] will not ultimately prevail on [his] claim does not comprise an appropriate basis for denying class certification.

(Citations and punctuation omitted.) *Peck v. Lanier Golf Club*, 298 Ga. App. 555, 556 (680 SE2d 595) (2009).

1. In Case No. A15A1522, the County contends the trial court erred in denying its motion to dismiss as premature. The record shows that the County filed a motion to dismiss "all class action allegations in plaintiff's Complaint pursuant to OCGA § 9-11-12 (b) (6). This Motion is based upon the record in this case and is made for the reasons set forth in the brief filed contemporaneously herewith." On the same day, the County filed a "Supplemental Response to Plaintiffs' Motion to Certify Suit as Class Action and in Support of Motion to Dismiss." In this brief, the County asserted that class actions are not generally available in tax refund cases and that the only available remedy is the tax refund statute. It also asserted that a class should not be certified based upon the doctrine of sovereign immunity, asserted limitation periods that would apply to the Colemans, both individually and as representatives of a class, and pointed to alleged flaws in the Colemans' claims for non-monetary relief.

3

In its orders certifying the class actions, the trial court addressed the County's claim that class actions are not generally available in tax refund cases, and, for the reasons explained below, properly concluded that class actions are permissible in cases involving refunds under OCGA § 48-5-380, and also that class actions, in general, may assert claims for non-monetary relief. The trial court did not, however, address any other portion of the County's motion to dismiss. In a footnote, it stated, "Defendant's remaining arguments against class certification are merits based arguments which will be addressed in this Court's Order on Defendant's Motion to Dismiss."

The trial court's order denying the County's motion to dismiss states, in its entirety: "Defendant filed a Motion to Dismiss Named Plaintiff's class allegations under OCGA § 9-11-12 (b) (6). For the reasons set forth in *Whitaker v. Department of Human Resources of State of Georgia*, 86 FRD 689, 692 (ND Ga. 1980), the motion is premature and therefore is DENIED."

In *Whitaker*, supra, the Northern District of Georgia ruled as follows:

The other pending motions relate to the issue of class certification. They are defendant's motion for partial dismissal of class allegations and defendant's motion to strike class allegations, and plaintiff's motion for class determination. The court DENIES defendant's motion for partial

4

dismissal of class allegations relating to discrimination on the basis of sex. The defendant does not state which of the Federal Rules of Civil Procedure forms the basis of the motion for partial dismissal of class allegations. One leading commentator has stated that "one opposing the class action may move for an order determining that the action may not be maintained as a class suit." 3B Moore's Federal Practice P 23.50, p. 23-421. Professor Moore points out in a footnote that "[t]he proper way to test class action treatment is a motion under Rule 23 (c) (1), not a motion to dismiss . . . under Rule 12 (b) (6)." The court finds that the motion dismiss class allegations, filed with defendant's answer, is premature. The motion is DENIED.

Id. at 693.

It is well-established that [in determining whether a class action should proceed under OCGA § 9-11-23, "the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits, but whether the requirements of OCGA § 9-11-23 (a) have been met." (Citations and punctuation omitted.) *MCG Health, Inc. v. Perry*, 326 Ga. App. 833, 835 (1) (755 SE2d 341) (2014). Here, the County's motion sought to dismiss only the class action allegations in the complaint based upon legal theories that would apply to *both* the individual and class action claims of the Colemans. In essence, the County asked the trial court to dismiss only the class action claims because the complaint generally was subject to

5

dismissal based upon sovereign immunity, limitation periods in the refund statute, and alleged flaws with the Colemans' claims for non-monetary relief. As the trial court apparently recognized when it denied the motion to dismiss the class allegations in the Colemans' complaints, this is not the proper procedure to avoid certification of a class under OCGA § 9-11-23.

While a defendant can certainly seek a ruling on a dispositive motion before certification of a class, it cannot use a dispositive motion as a vehicle to deny class certification. See 5-23 Moore's Federal Practice - Civil § 23.81 [2] (court may rule on dispositive motion before deciding whether to certify class); *Village Auto Ins. Co. v. Rush*, 286 Ga. App. 688, 692 (2) (649 SE2d 862) (2007) ("merit-based disputes are not ripe for resolution at the class certification stage"). We therefore affirm the trial court's denial of the County's motion to dismiss only the class allegation portions of the Colemans' complaint. We express no opinion about whether the certified class actions are subject to dismissal for the reasons asserted in the motion to dismiss that have not yet been considered by the trial court. See *Taylor Auto Group v. Jessie*, 241 Ga. App. 602, 604 (2) (527 SE2d 256) (1999) (refusing to consider merits of defense in appeal from order certifying a class action).

6

2. In each of the three cases before us, the County asserts that trial court erred by granting the Colemans' motion for class certification because class action certification is generally improper in a tax refund lawsuit. As the trial court ruled on this issue in its certifcation order, we will consider it.

In support of its argument that class certification is improper in a tax refund action, the County relies upon the Supreme Court of Georgia's decisions in *Sawnee Elec. Membership Corp. v. Ga. Dept. of Revenue*, 279 Ga. 22 (608 SE2d 611) (2005) and *Henderson v. Carter*, 229 Ga. 876 (195 SE2d 4) (1972), as well as a 2003 amendment to a different tax refund statute, OCGA § 48-2-35. The Colemans assert that the Supreme Court's decisions in *City of Atlanta v. Barnes*, 276 Ga. 449 (578 SE2d 110) (2003) (*Barnes I*) and *Barnes v. City of Atlanta*, 281 Ga. 256 (637 SE2d 4) (2006) (*Barnes II*), expressly authorize class actions for refund claims under the statute at issue here, OCGA § 48-5-380. The trial court reviewed this body of law in its orders certifying the classes and correctly concluded that class actions can be maintained in tax refund cases involving OCGA § 48-5-380.

In *Henderson*, supra, the Supreme Court concluded that a statute authorizing a tax refund against the State

7

provides the method by which refunds and suits for refunds may be made by taxpayers. It does not provide for the bringing of a class action in either instance. The State has waived her sovereign immunity only to the extent provided by the express terms of this statute. It follows that a class action in the instant case is not authorized.

229 Ga. at 879 (2). In *Barnes I*, the Supreme Court reconsidered its decision in *Henderson*, and concluded, in a case involving a tax refund claim under the same statute at issue here (OCGA § 48-5-380):

When a statute provides the right to bring an action for a tax refund against a governmental body, that statute provides an express waiver of immunity and establishes the extent of the waiver (the amount of the refund), but does not purport to provide for the form of action to be utilized. By participating as a plaintiff in a class action that includes a claim for a tax refund, a taxpayer is unquestionably bringing an action for a refund, which is what the statute permits. We conclude, therefore, that the holding in *Henderson* that there can be no class actions brought for tax refunds was error.

276 Ga. at 452 (3).

Following the Supreme Court's decision in 2003 to overrule *Henderson*, in *Barnes I*, the General Assembly amended OCGA § 48-2-35, the statute governing tax refunds sought from the Georgia Department of Revenue, to expressly prohibit class

actions under that Code provision. See OCGA § 48-2-35 (c) (1) (D) ("A claim for refund may not be submitted by the taxpayer on behalf of a class consisting of other taxpayers who are alleged to be similarly situated."). The General Assembly did *not* make a similar amendment to OCGA § 48-5-380, the statute governing the procedures for obtaining ad valorem tax refunds that was at issue in *Barnes I*.

In its 2005 *Sawnee* decision, the Supreme Court held that an Electrical Member Corporation could not bring a lawsuit on behalf of its 108,000 members against the Georgia Department of Revenue for a tax refund under OCGA § 48-2-35. 279 Ga. at 24-25 (3). After observing that the particular claim before it was barred by the express prohibition against bringing tax refund actions on behalf of other taxpayers in OCGA § 48-2-35, the Supreme Court stated in a footnote that this prohibition "was passed during the 2003 legislative session and constitutes a legislative overruling of this Court's holding in *City of Atlanta v. Barnes*, supra, 276 Ga. at 449 (3), that a class action was a permissible means for a taxpayer to pursue a tax refund action." *Sawnee*, supra, 279 Ga. at 25 (3) n. 1.

One year later, in *Barnes, II*, a case involving OCGA § 48-5-380, the Supreme Court clarified its footnote in *Sawnee* and explained:

9

In [*Barnes I*], . . . we held that OCGA § 48-5-380 does not "provide for the form of action to be utilized. By participating as a plaintiff in a class action that includes a claim for a tax refund, a taxpayer is unquestionably bringing an action for a refund, which is what the statute permits." *Barnes I*, supra at 452 (3). Compare *Sawnee Elec. Membership Corp. v. Ga. Dept. of Revenue*, 279 Ga. 22, 25 (3), fn. 1 (608 SE2d 611) (2005) (former OCGA § 48-2-35 (b) (5), now designated subsection (c) (5), superseded *Barnes I* only as to refund claims against the State). Thus, any taxpayer whom the named plaintiffs represent and who does not ultimately opt out of the class action is considered to have brought suit for a refund at the same time as the named plaintiffs. Although OCGA § 48-5-380 is applicable to that suit, so too are those principles which apply generally in class actions, including that which permits a representative to act on behalf of an entire class. Where, as here, "exhaustion of administrative remedies is a precondition for suit, the satisfaction of this requirement by the class plaintiff normally will avoid the necessity for each class member to satisfy this requirement individually." 2 Newberg on Class Actions § 5:15, p. 438 (4th ed. 2002). Decisions to the contrary, such as *U.S. Xpress v. N.M. Taxation & Revenue Dept.,* 136 P3d 999 (N.M. 2006), are "based on genuinely unique statutory requirements." 2 Newberg, supra at 440. OCGA § 48-5-380, unlike certain tax refund statutes, neither prohibits utilization of a class action, nor expressly requires individual exhaustion of administrative remedies. See *Arizona Dept. of Revenue v. Dougherty*, 29 P3d 862, 869 (B) (Ariz. 2001). Compare OCGA § 48-2-35 (c) (5).

Based upon *Barnes II* and the General Assembly's failure to preclude class actions under OCGA § 48-5-380 following the Supreme Court's decision in *Barnes I*, we conclude that a class action for a tax refund can be maintained under OCGA § 48-5-380. See *Nuci Phillips Mem. Foundation v. Athens-Clarke County Bd. of Tax Assessors*, 288 Ga. 380, 383 (1) (703 SE2d 648) (2010) (courts should presume that General Assembly has full knowledge of existing condition of statutory and case law at time statute is enacted). Cf. *Bd. of Regents &c. v. Rux*, 260 Ga. App. 760, 764 (2) (580 SE2d 559) (2003) (waiver of sovereign immunity for contract cases generally allows for class action even though no explicit waiver for class actions in a contract case). We therefore find no merit in the County's claim on appeal that the Colemans were precluded from maintaining a class action for a tax refund under OCGA § 48-5-380.

3. In each of the cases before us, the County asserts that the trial court erred by certifying class action claims for injunctive relief, mandamus, and declaratory judgment. In its orders certifying the classes, however, the trial court did not address the merits of the County's specific claims with regard to the relief available. Instead, it merely held that non-monetary relief can be sought in class actions generally. As this is a correct conclusion generally, *State Farm Mut. Automobile Ins. Co. v. Mabry*,

11

274 Ga. 498, 499-500 (1) (556 SE2d 114) (2001), we affirm the trial court's class certification orders, but only as to this general principle. We express no opinion about whether the certified class actions are subject to dismissal based upon the doctrine of sovereign immunity, limitation periods within the tax refund statute, or alleged fatal flaws with the Colemans' claims for non-monetary relief, as these issues have not yet been ruled upon by the trial court. See *Luyando v. Bowen*, 124 FRD 52, 56 (III) (C) (SDNY 1989) (refusing to address merits of sovereign immunity when considering motion for class certification).

For all of the above-stated reasons, we affirm the trial court's orders certifying classes in Case No. A15A1522, Case No. A15A1523, and Case No. A15A1524, as well as the trial court's order denying the County's motion to dismiss in Case No. A15A1522.

*Judgments affirmed. Doyle, C. J. and Phipps, P. J., concur.*