**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 9, 2020**

# In the Court of Appeals of Georgia

A20A1867. PREMIER PAVING GP, INC. et al. v. IOU CENTRAL, INC.

DILLARD, Presiding Judge.

Premier Paving GP, Inc. appeals from the trial court's denial of its motion for class certification and the dismissal of its class-action counterclaim in IOU Central, Inc.'s lawsuit against it for breach of a promissory note. Premier Paving argues that the trial court's order was based on two erroneous conclusions: (1) OCGA § 7-4-18 only applies to loans of less than $250,000; and (2) because the loan at issue could have been for 12 months, all interest charges should be spread over a 12-month period. But we need not reach the merits of these issues because the trial court skipped a crucial step—it neglected to address, as a threshold matter, whether the class-action prerequisites required by OCGA § 9-11-23 (a) (1)-(4) were satisfied. So,

for this reason, we reverse in part, vacate in part, and remand for further proceedings consistent with the opinion.

IOU Central filed suit against Premier Paving to collect upon a promissory note in the principal amount of $277,500.00, to be paid over a 12-month period. Specifically, IOU Central alleged that Premier Paving failed to make the agreed upon payments as they came due, resulting in default and Premier Paving owing $132,668.51 in principal, interest at 14.25 percent, and different fees in the amounts of $18,708.40 and $75.00.

Premier Paving answered IOU Central's complaint and asserted a class-action counterclaim. In doing so, Premier Paving sought to sue IOU Central on behalf of itself and "[a]ll borrowers who took out a loan from Plaintiff from 20 years prior to the filing of this counterclaim until such time as the class is certified where the average monthly rate of interest on the useable money for borrowers exceeded 5% per month in any month of the loan's period." And as a defense to IOU Central's action, Premier Paving asserted that the loan at issue was "usurious, illegal[,] and uncollectible under OCGA § 7-4-18 and OCGA § 7-4-3."

Thereafter, IOU Central moved to dismiss Premier Paving's class-action counterclaim , arguing that because OCGA § 7-4-3 did not apply to the loan at issue,

2

the class-action counterclaim should be dismissed. Further, IOU Central contended that *even if* the statute applied, the loan was still not usurious under Georgia law. Premier Paving proceeded by filing a motion for class certification.

The trial court ruled upon the competing motions in a single order, concluding that the principal amount of the loan exceeded $250,000 and, thus, OCGA § 7-4-18 (a) did not apply. Instead, the court determined that OCGA § 7-4-2 (a) (1) (B) applied to the loan. The court also noted that even if OCGA § 7-4-18 (a) applied, the relevant interest rate was still under 5 percent. As a result, the court granted IOU Central's motion to dismiss the class-action counterclaim and denied Premier Paving's motion for class certification. IOU Central then moved for summary judgment, and that motion remains pending after Premier Paving filed its notice of appeal.[1] This appeal follows.

Premier Paving argues that the trial court's order—dismissing its class-action counterclaim and denying its motion for class certification—is based on two erroneous conclusions: (1) OCGA § 7-4-18 only applies to loans of less than

---

[1] We have jurisdiction over this appeal because OCGA § 9-11-23 (g) provides that "[a] court's order certifying a class or refusing to certify a class shall be appealable in the same manner as a final order to the appellate court which would otherwise have jurisdiction over the appeal from a final order in the action."

3

$250,000; and (2) because the loan at issue could have been for 12 months, all interest charges should be spread over a 12-month period. But as previously noted, we need not reach these issues because the trial court neglected to address, as a threshold matter, whether the class-action prerequisites required by OCGA § 9-11-23 (a) (1)-(4) were satisfied.

Whether to certify a class is "a matter committed to the discretion of the trial court, but any exercise of that discretion must comport with the statutory requirements."[2] So, the certification of a class is "appropriate only to the extent the trial court is satisfied, after rigorous analysis, that the statutory requirements have been satisfied."[3] And here, it is clear from both the trial court's order—as well as the parties' briefs—that the court dismissed Premier Paving's class-action counterclaim *and* denied its motion for class certification solely on the merits of IOU Central's

---

[2] *Ga.-Pac. Cons. Prods., LP v. Ratner*, 295 Ga. 524, 526 (1) (762 SE2d 419) (2014) (citation omitted); *see Glynn Cnty. v. Coleman*, 334 Ga. App. 559, 559 (779 SE2d 753) (2015) ("[O]n appellate review of a trial court's decision on a motion to certify a class, the discretion of the trial judge in certifying or refusing to certify a class action is to be respected in all cases where not abused." (punctuation omitted)).

[3] *Ratner*, 295 Ga. at 526 (1) (cleaned up); *see also Gen. Tel. Co. of the Southwest v. Falcon*, 457 U. S. 147, 161 (III) (102 SCt 2364, 72 LEd2d 740) (1982).

motion to dismiss for failure to state a claim upon which relief can be granted. But as we have previously explained, under OCGA § 9-11-23 (f) (3),

> [w]hen deciding whether a requested class is to be certified, the [trial] court shall enter a written order addressing whether the factors required by this Code section for certification of a class have been met and specifying the findings of fact and conclusions of law on which the court has based its decision with regard to whether each such factor has been established.[4]

And those factors are as follows:

> (1) [t]he class is so numerous that joinder of all members is impracticable;

> (2) [t]here are questions of law or fact common to the class;

> (3) [t]he claims or defenses of the representative parties are typical of the claims or defenses of the class; and

---

[4] *Peck v. Lanier Golf Club, Inc.*, 298 Ga. App. 555, 557-58 (680 SE2d 595) (2009) (punctuation omitted); *accord Gay v. B.H. Transfer Co.*, 287 Ga. App. 610, 613 (652 SE2d 200) (2007) (physical precedent only); *see McDonald Oil Co. v. Cianocchi*, 285 Ga. App. 829, 829 (1) (648 SE2d 154) (2007) ("OCGA § 9-11-23 (f) (1) requires the court to hold a hearing on the issue of class certification, and subsection (f) (3) requires the court to 'enter a written order addressing whether the factors required by this Code section for certification of a class have been met and specifying the findings of fact and conclusions of law on which the court has based its decision with regard to whether each such factor has been established.'").

(4) [t]he representative parties will fairly and adequately protect the interests of the class.[5]

While it is certainly appropriate to "consider the merits of the action sought to be certified to the degree necessary to determine whether the requirements of OCGA § 9-11-23 have been satisfied,"[6] these merits questions "may be considered to the extent—but only to the extent—that they are relevant to determining whether the

---

[5] OCGA § 9-11-23 (a) (1)-(4). Should these initial requirements be satisfied, the trial court then must consider whether one or more of the additional requirements delineated in OCGA § 9-11-23 (b) (1)-(3) have been met. *See* OCGA § 9-11-23 (b) (providing that "[a]n action may be maintained as a class action if the prerequisites of subsection (a) of this Code section are satisfied, and, in addition" at least one of three other prerequisites is met); *Doctors Hosp. Surgery Ctr., L.P. v. Webb*, 307 Ga. App. 44, (704 SE2d 185) (2010) ("Thus, to obtain class action certification, the named individuals are required to satisfy all four prerequisites of OCGA § 9-11-23 (a), and at least one of the requirements set forth in OCGA § 9-11-23 (b)." (punctuation omitted)); *see also Amos v. Advanced Funding, Inc.*, Civil Action No. 1:04-CV-2911-CCH, 2007 WL 9701551, *10 (IV) (N.D. Ga. 2007) ("[T]he Court concludes that Plaintiffs have not met their burden to establish all of the Rule 23 (a) requirements. Accordingly, it is not necessary to examine Plaintiffs claims that they satisfy the requisites of . . . Rule 23 (b).").

[6] *Peck*, 298 Ga. App. at 558; *see Ratner*, 295 Ga. at 527 (1) ("'The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 US 338, 351 (II) (A) (131 SCt 2541, 180 LE2d 374) (2011)); *Rite Aid of Ga., Inc. v. Peacock*, 315 Ga. App. 573, 575 (1) (726 SE2d 577) (2012) (same).

6

prerequisites for class certification are satisfied."[7] As a result, any assertion that the named plaintiff "cannot prevail on her claims does not comprise an appropriate basis for denying class certification."[8] And here, that is precisely what occurred when the trial court found, in effect, that the OCGA § 9-11-23 requirements were moot because there was no merit to the action.[9] Thus, because the trial court did not make the

---

[7] *Miller v. Deal*, 295 Ga. 504, 511 (2) n.12 (761 SE2d 274) (2014) (punctuation omitted), *quoting Amgen v. Conn. Retirement Plans & Trust Funds*, __U.S.__, __ (II) (A) (133 SCt 1184, 1195 (II) (A), 185 LE2d 308) (2013) (citations omitted); *see Wal-Mart Stores, Inc. v. Dukes*, 564 US 338, 351 (II) (A) n.6 (131 SCt 2541, 180 LE2d 374) (2011) (explaining that a district court has no "authority to conduct a preliminary inquiry into the merits of a suit" at class certification unless it is necessary "to determine the propriety of certification").

[8] *Coleman*, 334 Ga. App. at 559-60 (punctuation omitted); *accord Village Auto Ins. Co., Inc. v. Rush*, 286 Ga. App. 688, 692 (2) (649 SE2d 862) (2007); *Taylor Auto Grp., Inc. v. Jessie*, 241 Ga. App. 602, 603 (2) (527 SE2d 256) (1999); *see Eisen v. Carlisle & Jacquelin*, 417 US 156, 178 (III) (B) (94 SCt 2140, 40 LE2d 732) (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (punctuation omitted)); *Sta-Power Indus., Inc. v. Avant*, 134 Ga. App. 952, 954 (1) (216 SE2d 897) (1975) (same).

[9] *See Peck*, 298 Ga. App. at 558 ("[T]he trial court in this case found, in effect, that those requirements were moot because there was no merit to the action."). *Cf. Perez v. Atlanta Check Cashiers, Inc.*, 302 Ga. App. 864, 870 n.8 (692 SE2d 670) (2010) ("Because the trial court considered the merits of [the] claims only to the extent necessary to conduct the predominance inquiry [of the class-certification analysis], the court committed no error.").

necessary findings of fact and conclusions of law, there is nothing in the order for us to evaluate.[10]

Accordingly, for all these reasons, the judgment of the trial court is reversed to the extent it denied the motion for class-action certification by looking solely to the merits of the counterclaim.[11] And to the extent the trial court failed to properly

[10] *See Peck*, 298 Ga. App. at 558 ("[I]n determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of [OCGA § 9-11-23] have been met. . . . Because the trial court did not make the necessary findings of fact and conclusions of law, we have no basis to evaluate whether the trial court properly exercised its discretion in granting class certification." (citations & punctuation omitted)); *Alliance Credit Counseling, Inc. v. Trumiar*, 305 Ga. App. 27, (699 SE2d 376) (2010) ("Because the trial court did not make the necessary findings of fact and conclusions of law, we have no basis to evaluate whether the trial court properly exercised its discretion in granting class certification." (punctuation omitted)); *Griffin Indus. v. Green*, 280 Ga. App. 858, 860 (1) (635 SE2d 231) (2006) (same); *see also United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 146-47 (1) (475 SE2d 601) (1996) (concluding that remand was necessary when the trial court failed to make specific findings of fact before granting a permanent injunction).

[11] *See Peck*, 298 Ga. App. at 558 (reversing judgment to the extent court denied motion for class action certification by looking only to merits of action); *Gay v. B.H. Transfer Co.*, 287 Ga. App. at 613 (physical precedent only) ("The judgment of the trial court is reversed to the extent the court denied the motion for class action certification by looking solely to the merits of the action[.]"); *see also Miller*, 295 Ga. at 511 (2) n. 12 ("[C]lass certification is not intended to be a mechanism for deciding the merits of a case."); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F2d 718, 723 (II) (A) (11th Cir. 1987) (noting that district court's conclusion that claim was improper for class treatment was made on an erroneous basis when the district court considered the

analyze the requirements of OCGA § 9-11-23 (a) (1)-(4), the trial court's judgment is vacated, and the case is remanded for entry of a more detailed order addressing these and any other requirements.[12]

*Judgment reversed in part, vacated in part, and case remanded with direction.*

*Rickman and Brown, JJ., concur.*

---

plaintiffs' likelihood of success on the claims).

[12] *See Peck*, 298 Ga. App. at 558 (vacating and remanding for reconsideration of class certification); *Gay*, 287 Ga. App. at 613 (physical precedent only) (same); *Cianocchi*, 285 Ga. App. at 829 (1) (same); *Griffin Indus.*, 280 Ga. App. at 860 (1) (same); *see also* note 4 *supra*.