## 63788. P. P. G. INDUSTRIES, INC. v. HAYES CONSTRUCTION COMPANY.

BANKE, Judge.

The appellant, a materialman, supplied paint to S. Herndon & Sons, Inc., a subcontractor on a construction project for which the appellee was the general contractor. All of the appellant's dealings were with Herndon, and it had no contractual relationship with the appellee. It nevertheless instituted this action against the appellee as sole defendant to obtain a judgment for the amount due from Herndon for the supplies. The appellee moved for summary judgment, whereupon the appellant amended its complaint to add Herndon as a co-defendant. The trial court granted the appellee's motion for summary judgment, and a default judgment was subsequently entered against Herndon. Subsequent to the entry of summary judgment, the appellant filed a motion for leave to file a second amended complaint for the purpose of asserting a new cause of action against the appellee, based on a "Transfer and Assignment Agreement" executed by Herndon purporting to assign to the appellant the appellee's alleged indebtedness to Herndon for services rendered under the subcontract. Prior to the issuance of any ruling on this motion, the appellant filed a notice of appeal from the grant of the summary judgment. *Held:*

1. In its first enumeration of error, the appellant contends that a material issue of fact remains as to whether it may recover from the

appellee based on the doctrine of unjust enrichment. Under Georgia law, a materialman or subcontractor may not recover against an owner or general contractor with whom it has no contractual relationship, based on the theory of unjust enrichment or implied contract; rather, it is limited to the statutory remedies provided by Georgia's lien statute, Code Ann. §§ 67-2001, et seq. See *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652 (2) (56 SE2d 841) (1949); *Bishop v. Flood,* 133 Ga. App. 804 (212 SE2d 443) (1975); *Robertson v. Laughlin Insulation Co.,* 134 Ga. App. 509 (215 SE2d 274) (1975); *G. & B. Contractors v. Coronet Developers,* 134 Ga. App. 916 (2) (216 SE2d 705) (1975); *Lynn v. Miller Lumber Co.,* 146 Ga. App. 230 (246 SE2d 137) (1978). Accord, *Chambers Lumber Co. v. Martin,* 112 Ga. App. 826 (146 SE2d 529) (1965); *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217 (2)(b) (154 SE2d 638) (1967).

2. The appellant was not entitled to amend its complaint to assert a new cause of action against the appellee after summary judgment had been granted in the appellee's favor. See *Buffington v. Nalley Discount Co.,* 117 Ga. App. 820 (162 SE2d 212) (1968).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 16, 1982.

*E. Angela Emerson, David W. Waddell,* for appellant.
*Aubrey L. Coleman, Jr.,* for appellee.