### 68968. McCALL v. WYMAN et al.
(325 SE2d 629)

McMURRAY, Chief Judge.

Some of the facts of the case sub judice were previously stated in our decision of (a separate case) *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833 (305 SE2d 413) as follows: "Armatha McCall was involved in an automobile collision with an uninsured motorist and filed suit against the uninsured motorist [the case sub judice]. McCall's insurance carrier, Allstate Insurance Company, defended the suit on behalf of the uninsured motorist. McCall demanded the sum of $9,000 from Allstate for injuries sustained in the collision. Allstate rejected the demand and made a counteroffer of $5,000. Thereafter, the case against the uninsured motorist went to trial and resulted in a verdict in favor of McCall for $55,000. Following the verdict, Allstate tendered $10,000 to McCall, the amount of the uninsured motorist protection in the policy, a release, and a satisfaction of judgment." Plaintiff McCall rejected the tender and filed a separate action alleging damages including statutory damages under OCGA §§ 33-7-11 and

33-4-6, punitive damages, and the full amount of the jury verdict. That action was resolved by the decision in *McCall v. Allstate Ins. Co.*, 251 Ga. 869 (310 SE2d 513) affirming our decision in *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833, supra.

The judgment in the case sub judice in favor of plaintiff McCall and against the uninsured motorist was filed on May 26, 1980. *McCall v. Allstate Ins. Co.*, 251 Ga. 869, supra, decided January 4, 1984, held that the penalties and attorney fees provided for in OCGA § 33-7-11 (j) must be sought in the action against the uninsured motorist. On February 16, 1984, plaintiff McCall filed motions in the case sub judice seeking to amend her complaint and the pretrial order so as to state her claim against Allstate Insurance Company for a penalty and attorney fees. Additionally, plaintiff in her motion to bifurcate the trial, argues that "the trial of the claim against Allstate Insurance Company should be allowed to proceed in a second part of the trial against [the uninsured motorist] for the bad faith of Allstate Insurance Company who have previously in said case acted in and through the name of [the uninsured motorist]."

The trial court determined that it lacked authority to reopen the case after judgment to allow amendment of the complaint and pretrial order for the purpose of litigating an uninsured motorist carrier's liability for the statutory penalty and attorney fees provided for in OCGA § 33-7-11 (j). The trial court denied plaintiff McCall's motion to bifurcate the trial and to amend her complaint and the pretrial order. Plaintiff McCall appeals, submitting as her sole enumeration of error the denial of these motions. *Held*:

"Under [the Civil Practice Act] a pleading may be amended *after* judgment but *only* insofar as to make it conform to the evidence [OCGA § 9-11-15]." *Buffington v. Nalley Discount Co.*, 117 Ga. App. 820 (162 SE2d 212). A party is not entitled to amend its complaint to assert a new course of action after judgment is entered. *PPG Indus. v. Hayes Constr. Co.*, 162 Ga. App. 151, 152 (2) (290 SE2d 347). As the issue is not presented we offer no opinion as to the application of this principle to a judgment entered under the provisions of OCGA § 9-11-54 (b). We find no merit in this enumeration of error.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984 —
REHEARING DENIED DECEMBER 19, 1984 —

*Richard D. Phillips*, for appellant.
*Charles W. Barrow, A. Martin Kent, Jordon D. Morrow*, for appellees.