A01A2150. DUFFY et al. v. THE LANDINGS ASSOCIATION, INC. et al.
(563 SE2d 174)

SMITH, Presiding Judge.

This dispute between property owners and a real estate marketing company returns to this court for the second time. In the first appeal, *Duffy v. The Landings Assn.*, 245 Ga. App. 104 (536 SE2d 758) (2000) ("*Duffy I*"), this court reversed the trial court's grant of summary judgment against Robert J. and Marcy C. Duffy and in favor of The Landings Company and The Landings Association, Inc. The trial court upheld a restrictive covenant requiring that property owners in a residential subdivision pay a "transfer fee" to a marketing company upon the sale of their residence. We reversed because the original restrictive covenants were not properly amended to impose the transfer fee. Id. at 104, 107-108.

The case now reappears before us on the Duffys' appeal of the trial court's order denying their motion to certify this litigation as a class action. In three enumerations of error, the Duffys contend the trial court erred in refusing to certify a class action. In their remaining enumeration of error, they contend the trial court erred in vacat-

ing its order allowing them to amend their complaint to assert a claim for attorney fees. We conclude that the trial court did not abuse its discretion in denying class certification and that the Duffys' claim for attorney fees was extinguished with the class action claims. We therefore affirm.

1. We first consider the trial court's denial of class certification. The Duffys originally sought to certify a class of all landowners in the subdivision required to pay the transfer fee upon sale of their property. They later amended or revised their proposal to include subclasses of those who voted in favor of the transfer fee provision and those who voted against it or did not vote.

In its order, the trial court gave three alternative bases for its decision: (1) The Duffys failed to plead a proper class action; (2) the Duffys failed to meet the substantive requirements for class certification; and (3) certification of the class after the case has already been decided in the Duffys' favor would violate the federal law doctrine of "one-way intervention." We first consider the substantive issues decided by the trial court.

OCGA § 9-11-23 (a) provides:

> (a) *Representation.* If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly ensure the adequate representation of all may, on behalf of all, bring or defend an action when the character of the right sought to be enforced for or against the class is: (1) Joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; or (2) Several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action.

"[I]n determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of [OCGA § 9-11-23 (a)] have been met. [Cit.]" *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 954 (216 SE2d 897) (1975). And on "appellate review of a trial court's decision on a motion to certify a class, the discretion of the trial judge in certifying or refusing to certify a class action is to be respected in all cases where not abused." (Citations omitted.) *Jones v. Douglas County*, 262 Ga. 317, 323 (2) (418 SE2d 19) (1992); see also *Hooters of Augusta v. Nicholson*, 245 Ga. App. 363, 367-368 (4) (537 SE2d 468) (2000).

"[T]he requirements for class certification [are] numerosity, com-

monality and adequacy of representation." *Taylor Auto Group v. Jessie*, 241 Ga. App. 602, 604 (2) (527 SE2d 256) (1999). Alternatively stated, to certify the class the trial court must find

> that the class is so numerous as to make it impracticable to bring all members before the court; that the questions of law and fact common to the class members predominate over any individual questions; that the claim of the named plaintiff is typical of the claims of the members of the class; that the named plaintiff and class counsel will adequately represent the interests of the class; and that a class action is superior to other available methods of achieving a fair and efficient adjudication of the controversy.

*Hooters*, supra at 368 (4).

Here, the trial court particularly considered common questions of law and fact, the typicality of the Duffys' claim, and whether they would adequately represent the interests of the proposed class. Robert Duffy testified that he did not vote for or against the amendment, although he was "emphatically" opposed to it. In addition, the Duffys never actually paid the fee, but deposited it with the court instead. Appellees do not know of any other potential plaintiff who declined to pay the transfer fee and instead paid it into court. The trial court concluded that the Duffys "would not share common issues with other putative class members who voted for the amendment or did not protest the transfer fee at closing," because litigation of the claims of other proposed class members would involve such issues as promissory estoppel and voluntary payment not relevant to the Duffys' claim. On the facts presented, this decision was within the trial court's discretion.

The trial court's decision is further supported by the facts in the record. For example, while a record was kept of vote totals and the names of the property owners who returned ballots on the transfer fee amendment to the restrictive covenants, there is no record of how any individual voted. In order to assess the claims of prospective class members, each will have to be asked whether he or she returned a ballot, and if so, whether the ballot was in favor of or opposed to the transfer fee. A class action is not authorized when the issue presented must be resolved on a case-by-case basis and "the resolution of individual questions plays such an integral part in the determination of liability." (Citations and punctuation omitted.) *Aetna Cas. &c. Co. v. Cantrell*, 197 Ga. App. 672, 674 (2) (399 SE2d 237) (1990). Moreover, the potentially antagonistic position of those property owners who voted in favor of the transfer fee justified the trial court's decision. *Jones*, supra at 324 (2). The trial court also

noted that Mr. Duffy is a member of the law firm seeking to represent the class, and the potential conflict of interest this might involve in adequately representing the class.

In *Trend Star Continental v. Branham*, 220 Ga. App. 781, 783, n. 2 (469 SE2d 750) (1996), we noted that a trial court may certify an action as to common questions of law or fact and then order individual trials as to the remaining questions. Here, it appears that the only common question of any significance was litigated and decided with respect to these plaintiffs in *Duffy I*. This further supports the trial court's conclusion that, in the current posture of this action, individual questions predominate over any questions of law and fact common to the class members. "Intervention after judgment is not usually permitted and to justify it requires a strong showing." (Citations omitted.) *Sta-Power Indus.*, supra at 958 (3).

Accordingly, the trial court did not abuse its discretion in refusing class certification. We need not consider the Duffys' enumerations of error concerning the trial court's alternative grounds for denying class certification, because "a correct decision of a trial court will not be reversed regardless of the reasons given therefor." (Citations and punctuation omitted.) *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 732 (7) (389 SE2d 251) (1989); see also *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991) (judgment right for any reason will be affirmed).

2. In their remaining enumeration of error, the Duffys complain that the trial court erred in vacating its order allowing them to amend their complaint to assert a claim for attorney fees. After this court reversed in *Duffy I*, the Duffys filed a motion for leave to amend their complaint to assert a claim for attorney fees. The trial court allowed the amendment because the Duffys' motion for class certification remained pending and all matters in the case were not resolved. In its order denying class certification, the trial court observed that the Duffys had never amended their complaint to state a class action, but instead had proceeded by motion. The trial court concluded that this method was inadequate to state a class action claim. Once the judgment and remittitur returned in *Duffy I*, the trial court reasoned, no substantive issues remained to be decided in the trial court. Citing *Hunt v. Henderson*, 178 Ga. App. 688, 691 (344 SE2d 470) (1986), the trial court concluded that its decision to allow the Duffys to amend their complaint had been in error. The trial court therefore vacated its order allowing the amendment and dismissed the Duffys' motion to amend their complaint.

We agree that the trial court correctly found no basis for the Duffys' claim for attorney fees, but we arrive at that conclusion by a slightly different route. "While the right to amend is very broad, it may not be exercised after the case has been tried and judgment ren-

dered therein. [Cit.]" *Hunt*, supra; see also *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 606-607 (203 SE2d 173) (1974); *Christopher v. McGehee*, 124 Ga. App. 310, 312 (2) (183 SE2d 624), aff'd, 228 Ga. 466 (186 SE2d 97) (1971). "Under the Civil Practice Act a pleading may be amended *after* judgment but *only* insofar as to make it conform to the evidence." (Citation and punctuation omitted; emphasis in original.) *McCall v. Wyman*, 173 Ga. App. 131, 132 (325 SE2d 629) (1984). "A party is not entitled to amend its complaint to assert a new [cause] of action after judgment is entered. *P.P.G. Indus. v. Hayes Constr. Co.*, 162 Ga. App. 151, 152 (2) (290 SE2d 347) [(1982)]." Id. While both *Summer-Minter & Assoc.*, supra, and *Christopher*, supra, involved litigants attempting to amend their pleadings in order to avoid an unfavorable judgment, in *McCall* the opposite situation was presented. The plaintiff had prevailed in an uninsured motorist claim defended by her insurer, and judgment was entered in her favor. Later, after a change in the law, she attempted to amend her complaint to assert a claim for penalties and attorney fees against her insurer.

Here, the Duffys' belated claim for attorney fees could not be asserted in connection with their *individual* claim, which had already been decided by this court in *Duffy I*. Once the trial court declined to certify the *class action* claim, nothing remained to which the claim for attorney fees could be attached, and the amendment thus fell with the class action claim. "A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim." *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996). While the trial court's mechanism for terminating the Duffys' claim by vacating its original order may not have been correct, the result — the conclusion that the Duffys had no remaining claim for attorney fees — was correct. Under the "right for any reason" rule of *Precise v. City of Rossville*, supra, we therefore affirm.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED MARCH 27, 2002 — ▉▉▉▉▉▉▉

*Duffy, Feemster & Lewis, Dwight T. Feemster, Matthew M. Bush*, for appellants.

*Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr., Ellis, Painter, Ratterree & Bart, Paul W. Painter, Jr., John H. Oldfield, Jr.*, for appellees.