A03A2575. McGARRY v. CINGULAR WIRELESS, LLC.
(599 SE2d 34)

ADAMS, Judge.

Jennifer McGarry appeals from the trial court's denial of her motion for class certification in the lawsuit she filed against Cingular Wireless, LLC, alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 USC § 227. McGarry sought to certify a class of individuals who had received unsolicited facsimiles advertising Cingular's cellular telephone services.

Cingular is a limited liability company headquartered in Atlanta. McGarry is a Cingular customer residing in Palm Beach County, Florida. Under a "Semi-Non-Exclusive Authorized Distributorship Agreement," Cingular authorized American Cellular, Inc. to offer Cingular's services to consumers in the West Palm Beach-Boca Raton, Florida area. Under this agreement, Cingular authorized American Cellular to use the Cingular name, trademarks and logos to market and sell such services.

In that regard, American Cellular engaged Fax.com, Inc., a facsimile broadcasting company located in California, to disseminate advertisements offering Cingular's services to facsimile machines located in the 305, 561 and 954 area codes between August 22, 2001, and November 14, 2001. American Cellular's November 14, 2001 order to Fax.com requested 200,000 facsimile advertisements promoting services from three companies, Cingular, Voicestream Wireless, and Sprint, to be disseminated at a rate of 10,000 per day, five days per week to facsimile machines in the 561 and 954 area codes in Florida. McGarry received a facsimile advertisement matching this description at her residence in the 561 area code in Delray Beach, Florida, approximately one week later. In addition to advertising the three wireless phone companies, the fax listed American Cellular's name and number, and had a notation indicating that it was sent from a particular number in the 561 area code.

McGarry filed this class action asserting that Cingular's agent, American Cellular, acting through Fax.com transmitted hundreds of thousands of unsolicited facsimile advertisements touting the services of Cingular throughout southern Florida. After the parties engaged in extensive class-related discovery over a five-month period, McGarry moved to certify the following class:

All persons located within the 561, 954 and 305 area codes who received an unsolicited facsimile advertisement, which offered Cingular's cellular phone services, at the direction of Cingular's agent, American Cellular.

The trial court denied the motion for class certification on three grounds. First, the court found that McGarry had failed to prove that the facsimile she received was from Cingular's agents or to establish the origin of the facsimile at all. Thus, she could not show "with any certainty" that she was even a member of the proposed class, which also raised questions as to whether the class members could be identified without difficulty. Second, the trial court determined that McGarry did not fulfill the typicality requirement for a class representative because, as an existing Cingular telephone customer she could be subject to a defense under the TCPA that other members of the class would not face. This issue raised a further question as to whether other members of the class also would be subject to an "established business relationship" defense, requiring individualized inquiries among class members. Third, the trial court found that a Georgia court was "poorly suited" to hear cases brought by class plaintiffs who by definition reside in Florida, and thus the trial court was not the superior forum for hearing this class action. McGarry takes issue with all three of these findings on appeal.

The requirements for certifying a class under OCGA § 9-11-23 (a),[1] are defined as follows:

The requirements for class certification are numerosity, commonality and adequacy of representation. Alternatively stated, to certify the class the trial court must find that the class is so numerous as to make it impracticable to bring all members before the court; that the questions of law and fact common to the class members predominate over any individual questions; that the claim of the named plaintiff is typical of the claims of the members of the class; that the named plaintiff and class counsel will adequately represent the interests of the class; and that a class action is superior to other available methods of achieving a fair and efficient adjudication of the controversy.

---

[1] Because this action was filed on January 18, 2002, before the recent amendments to OCGA § 9-11-23 became effective on July 1, 2003, the pre-amendment version of the statute applies to this action. See Ga. L. 2003, p. 820, § 9.

(Citations and punctuation omitted.) *Duffy v. Landings Assn.*, 254 Ga. App. 506, 507-508 (1) (563 SE2d 174) (2002). This Court will affirm a trial court's decision applying these factors to a motion for class certification in the absence of an abuse of discretion. *Jones v. Douglas County*, 262 Ga. 317, 323 (2) (418 SE2d 19) (1992).

1. McGarry first asserts that the trial court erred in finding that she had failed to prove she was a member of the proposed class. She contends that the trial court mistakenly required her to prove her case-in-chief at the class certification stage.

"In determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits but whether the requirements of OCGA § 9-11-23 (a) have been met." (Citation and punctuation omitted.) *Duffy*, 254 Ga. App. at 507 (1). But the U. S. Supreme Court has recognized that "[the c]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." (Citations and punctuation omitted.) *Rutstein v. Avis Rent-A-Car Systems*, 211 F3d 1228, 1234 (III) (A) (11th Cir. 2000). See also *Eisen v. Carlisle & Jacquelin*, 417 U. S. 156, 160 (94 SC 2140, 40 LE2d 732) (1974). And in this case, McGarry defined her class to encompass elements of her cause of action, as it includes those who received "unsolicited" facsimiles "at the direction of Cingular's agent, American Cellular." Thus, in order to determine whether class certification was proper, the trial court was required to look at issues that will also be considered in examining the merits of McGarry's claims.

Moreover, McGarry bears the burden of establishing her right to class certification, which includes the burden of demonstrating that she will adequately represent the class. See *UNUM Life Ins. Co. of America v. Crutchfield*, 256 Ga. App. 582 (568 SE2d 767) (2002). This burden necessarily includes a showing that she is a member of the class she seeks to represent.

Here, McGarry presented evidence to show that Cingular authorized American Cellular to market its services in the south Florida area. And she established that American Cellular engaged Fax.com to fax advertisements for Cingular's services to facsimile machines in the 305, 561 and 954 area codes. McGarry also showed that she resides in the 561 area code and that she received an advertisement matching the description of one of the Fax.com advertisements on her home facsimile machine. But the facsimile received by McGarry reflects that it was sent from a certain telephone number in the 561 area code, and Cingular presented evidence showing that that particular telephone number belonged to an individual residence, not to

Fax.com or American Cellular.[2]

The trial court determined that McGarry failed to prove that the number from which she allegedly received her facsimile is a telephone number belonging to Cingular's agents. And the trial court found that, despite five months of discovery, including discovery served directly on Fax.com, McGarry "has offered no proof as to whose number the 'sent from' number was, and made no showing that she attempted to avail herself of any discovery from any telephone company to establish to whom the 'sent from' number belonged, or otherwise attempted to trace that number."

Thus, while Cingular's evidence did not definitively establish that the facsimile received by McGarry did not come from Fax.com or American Cellular,[3] it was not the company's burden to do so. Rather, McGarry was required to prove that the facsimile she received was "sent at the direction of Cingular's agent, American Cellular." We find no abuse of discretion in the trial court's determination that she failed to meet that burden.

2. McGarry also contests the trial court's conclusion that she and other potential members of the class may be subject to a defense that they had consented to receive Cingular facsimile advertisements through an existing business relationship with Cingular. McGarry asserts that no such defense exists to the receipt of a facsimile sent in violation of the TCPA.

At the time the facsimiles in this case were sent, the Federal Communications Commission, the agency charged with enforcing the TCPA, expressly recognized an "established business relationship" could establish consent to receive facsimiles. See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd 8752, 8779-8780, n. 87-88 (October 16, 1992). In reaching this conclusion, the FCC noted that "facsimile transmission from persons or entities who have an established business relationship with the recipient can be deemed to be invited or permitted by the recipient." Id. at 8779, n. 87. The FCC reiterated this position in 1995, stating that the 1992 release "makes clear that the existence of an established business relationship establishes consent to receive telephone facsimile advertisement transmissions."

---

[2] McGarry takes issue with Cingular's filing affidavits containing this evidence on the day of the class motion hearing, but she has not pointed to anything in the record indicating that she moved to strike at the time of the hearing or requested a continuance in order to respond to the affidavits. Accordingly, she has failed to preserve this issue for appellate review. Cf. *Suttle v. Northside Realty Assoc.*, 171 Ga. App. 928, 932 (2) (c) (321 SE2d 424) (1984) (motion for summary judgment); OCGA § 9-11-6.

[3] For example, there was hearsay evidence indicating that the individual who owned the "sent from" number did not even own a facsimile machine, which raises the question of whether McGarry's machine may have misrecorded the "sent from" number.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 10 FCC Rcd 12391, 12408 (37) (July 26, 1995).

McGarry asserts, however, that the FCC's interpretation is in conflict with the legislative history and the congressional intent in enacting the provision of the TCPA dealing with unsolicited facsimiles. And in July 2003, the FCC "reversed its prior conclusion that 'an established business relationship' provided the necessary permission to deliver unsolicited facsimile advertisements." See *Rules and Regulations of the Federal Communications Commission,* 68 FR 44144, 44158 (2003). Instead, new regulations will require a signed, written document indicating a recipient's "clear consent" to receive facsimile advertisements from the sender. See 47 CFR § 64.1200 (a) (3) (i). But due to industry response, the FCC postponed the implementation of these regulations until January 1, 2005. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd 16972 (August 18, 2003). See also D. Reed Freeman, Jr., FCC Grants Time to Comply with No Fax Ad Rule, "Established Relationship" Exception Scrapped, 20 No. 5 E-Commerce Law & Strategy 1 (2003).

Thus, this issue will no longer arise for facsimiles sent after January 1, 2005, and we need not reach the issue in this case given our holding in Division 1 that McGarry failed to establish that she was a member of the class she seeks to represent.

3. McGarry also argues that the trial court erred in determining that the Georgia superior court was not a superior forum for this class action because it involves claims by Florida citizens, involving evidence primarily located in other states. She contends that the superiority requirement does not involve a question of whether location of the court is superior to other venues, but rather contemplates a determination of whether the class action device is superior to individual lawsuits.

In reaching its determination, the trial court relied upon a subsection of the federal class action statute, Fed. R. Civ. P. 23 (b) (3) (C), which requires courts to consider "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Pretermitting the issue of whether the trial court should have relied upon this federal requirement under the prior version of OCGA § 9-11-23,[4] we note that the subsection relied upon by the court is only one prong of four factors to be considered by courts in addressing the

---

[4] The current version of OCGA § 9-11-23, effective for class actions filed on or after July 1, 2003, closely tracks the federal rule and expressly includes the factor relied upon by the court. OCGA § 9-11-23 (b) (3) (C).

issue of superiority under the federal rule. Fed. R. Civ. P. 23 (b) (3) (A)-(D). Accordingly, we find that the trial court's reliance on this one factor was insufficient to make a determination on the issue of superiority.

Nevertheless, given our holding in Division 1 above, we affirm the trial court's denial of McGarry's motion for class certification.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 24, 2004 —
RECONSIDERATION DENIED APRIL 13, 2004.

*Holzer, Holzer & Cannon, Corey D. Holzer, Michael I. Fistel, Jr., Christi A. Cannon,* for appellant.

*Kilpatrick Stockton, Stephen M. Schaetzel, James F. Bogan III, Olivia M. Baratta, Curtis A. Garrett, Jr.,* for appellee.

*Roy E. Barnes, Marc B. Hershovitz, Michael K. Jablonski, Weissman, Nowack, Curry & Wilco, Ned Blumenthal,* amici curiae.