A11A0815. ARDIS et al. v. FAIRHAVEN FUNERAL HOME & CREMATORY, INC.

(718 SE2d 843)

DOYLE, Judge.

Kimberly Ardis, Donna Kendrick, and Bridgett Bland (collectively "the Appellants") filed a complaint against Fairhaven Funeral Home & Crematory, Inc. ("Fairhaven"), alleging that Fairhaven

failed to disclose that a portion of the fees paid by the Appellants for obituary services covered the cost of having Fairhaven's contact information and business logo (collectively "logo") included at the bottom of each obituary, thereby causing the Appellants and other customers to unknowingly incur additional fees for the obituaries, which could have been avoided without inclusion of the logo. The Appellants filed a motion for class certification based on this claim, which motion the trial court denied. This appeal followed, and for the reasons below, we affirm.

In their lawsuit, the Appellants alleged that Fairhaven provided obituary services to its customers, which included forwarding the obituaries to the Savannah Morning News for pricing and publication. The Appellants contended that Fairhaven failed to disclose to its customers that a portion of the obituary fees was used to cover publication costs associated with inclusion of the Fairhaven logo in each obituary.

In their class certification motion, the Appellants sought to serve as representatives of the class of

> [a]ll customers of Fairhaven . . . in the preceding four (4) years who have paid for obituary services and have suffered damages due to Fairhaven's concealment of the fact that a portion of the fee paid for such services went towards an advertisement for Fairhaven in the obituary notices found in the Savannah Morning News.

The Appellants filed a brief in support of their motion, explaining that the advertisement at issue consisted of Fairhaven's contact information followed by a diamond-shaped branding logo. The Appellants contended that the Savannah Morning News charged between $12.00 and $64.50 for inclusion of the logo depending on whether the customer's obituary was fewer than 20 lines or more than 20 lines respectively.

Fairhaven responded to the motion, arguing that the trial court should deny the class certification motion because adjudicating the misrepresentation claim would require an individualized inquiry into whether each purported class member relied to their detriment on Fairhaven's failure to disclose the inclusion of its logo. Moreover, Fairhaven contended that it was unaware of the newspaper's policy to provide 20 free lines of text, and it merely passed on the final cost quoted by the newspaper to its customers.

> Certification of a class action is a matter of discretion with the trial judge, and, absent abuse of that discretion, we will not disturb the trial court's decision. We apply the

clearly erroneous standard of review to the trial court's ruling, and we must affirm if the ruling is supported by any evidence. We will not reverse the factual findings in a trial court's class certification order unless they are clearly erroneous.[1]

In order to receive class certification, the complainant must first fulfill the requirements set forth in OCGA § 9-11-23 (a) by establishing that

(1) [t]he class is so numerous that joinder of all members is impracticable; (2) [t]here are questions of law or fact common to the class; (3) [t]he claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) [t]he representative parties will fairly and adequately protect the interests of the class.

Additionally, OCGA § 9-11-23 (b) requires that proposed class members establish that one of the following elements exists: (1) separate prosecutions would create a risk of either (A) inconsistent or varying adjudications; or (B) adjudications with respect to individual members of the class would impair or impede other members' ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, making a class action superior to other methods of adjudication. Here, the complainants chose to proceed under OCGA § 9-11-23 (b) (1) and (b) (3).

After a hearing on the motion to certify the class, the trial court issued an order finding that the proposed class had satisfied the requirements of numerosity, typicality, and adequacy of representation in OCGA § 9-11-23 (a) (1), (a) (3) and (a) (4).[2] Nevertheless, the court denied the motion because the proposed class failed to satisfy the requirement for commonality in OCGA § 9-11-23 (a) (2) and the Appellants failed to establish sufficient risks of separate prosecution or the predominance of any common questions as required by OCGA

---

[1] (Citation and punctuation omitted.) *Liberty Lending Svcs. v. Canada*, 293 Ga. App. 731, 735 (1) (668 SE2d 3) (2008). See also *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 127 (3) (610 SE2d 529) (2005) (the Appellant "bear[s] the burden of proving that class certification is appropriate.") Moreover, a trial court's denial of class certification will be affirmed if right for any reason. See *Duffy v. The Landings Assn.*, 254 Ga. App. 506, 509 (1) (563 SE2d 174) (2002).

[2] Fairhaven conceded at the hearing the issues of numerosity and counsel's adequacy.

§ 9-11-23 (b) (1) and (b) (3).[3]

1. The Appellants argue that the trial court abused its discretion by determining that the proposed class failed to meet the commonality requirement of OCGA § 9-11-23 (a) (2). We disagree and affirm.

In order to determine whether the trial court erred by finding that the commonality requirement was not met, this Court must determine whether the Appellants were similarly situated.[4] Thus, review of the trial court's determination that the proposed class did not satisfy OCGA § 9-11-23 (b) (3) requires us to analyze the misrepresentation claim against Fairhaven.

The tort of misrepresentation requires a plaintiff to establish

(1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; [and] (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.[5]

"In general, claims of fraud based upon oral misrepresentations are not appropriate for class treatment because the reliance element must be proved factually for each individual class member."[6]

As the trial court determined, such proof in this case would require an inquiry of every class member to determine whether they were told that the obituary fee included a charge for the logo and, if not, whether they would have declined to include the logo in the event they were given such information.[7] As the Supreme Court of Georgia explained in *Carnett's, Inc. v. Hammond*,[8] "a common question is not enough when the answer may vary with each class member and is determinative of whether the member is properly part of the class." There is some evidence present in the record to

---

[3] We note that the Appellants only were required to fulfill one of the requirements listed in OCGA § 9-11-23 (b).

[4] See *Peck v. Lanier Golf Club, Inc.*, 304 Ga. App. 868, 871 (1) (697 SE2d 922) (2010).

[5] (Punctuation omitted.) *Ekstedt v. Charter Medical Corp.*, 192 Ga. App. 248 (384 SE2d 276) (1989).

[6] (Punctuation omitted.) *Fortis Ins. Co. v. Kahn*, 299 Ga. App. 319, 322-323 (2) (a) (683 SE2d 4) (2009).

[7] See *Perez v. Atlanta Check Cashers, Inc.*, 302 Ga. App. 864, 868-869 (692 SE2d 670) (2010) (holding that lack of evidence establishing class-wide lack of consent supported trial court's determination that class certification was inappropriate); *Life Ins. Co. v. Meeks*, 274 Ga. App. 212, 217-218 (3) (b) (617 SE2d 179) (2005) (holding that class certification was inappropriate because of the individualized questions required). Compare with *Fortis Ins. Co.*, 299 Ga. App. at 323 (2) (b) (holding that standardized, uniform, written documents containing alleged misrepresentation supported the trial court's determination that predominance prong was met in class certification motion alleging misrepresentation).

[8] *Carnett's, Inc.*, 279 Ga. at 129 (4).

support the trial court's finding, and therefore, we cannot say that it is clearly erroneous.[9]

The Appellants contend that in this case, the trial court erred because it is possible to establish that Fairhaven intentionally concealed inclusion of the logo and its pass-through cost to customers because the record evidence shows that Fairhaven did not include the logo on the obituary proofs it forwarded to customers and because Fairhaven claimed that it was not aware of the cost of including the logo in the obituary. Nevertheless, this evidence is not sufficient to establish as a matter of law that the trial court should have granted the Appellants' motion for class certification.[10] Accordingly, we affirm the trial court's denial of class certification.

2. Based on our holding in Division 1, we need not address the Appellants' argument that the trial court erred by determining that the common issues lacked predominance over the individual issues pursuant to OCGA § 9-11-23 (b) (3).

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 10, 2011.

*Savage & Turner, Robert B. Turner, Christopher D. Britt*, for appellants.

*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Vera S. Edenfield*, for appellee.

---

[9] Compare with *Fortis Ins. Co.*, 299 Ga. App. at 322-323 (2) (a) (holding that trial court's certification of class was not an abuse of discretion because standardized documents allowed jury to presume reliance on the part of the class members).

[10] See *Carnett's, Inc.*, 279 Ga. at 127-128 (3) (holding that trial court acted within its discretion in refusing to certify a class where individual issue of whether each class member received an unsolicited fax transmission was central to determining who was member of proposed class, and thus, the Court of Appeals erred by reversing the trial court's denial of the motion); *Perez*, 302 Ga. App. at 870-871 (circumstantial evidence of identity theft and fraud on the part of former employer did not require reversal of the trial court's denial of class certification because individualized proof of lack of consent would remain).