A11A1030, A11A1315. DAN J. SHEEHAN COMPANY
v. THE FAIRLAWN ON JONES HOMEOWNERS' ASSOCIATION,
INC. et al. (two cases).

(720 SE2d 259)

MIKELL, Chief Judge.

These companion cases arise from a dispute between plaintiff-appellant Dan J. Sheehan Company ("Sheehan") and defendants-appellees The Fairlawn on Jones Homeowners' Association, Inc. ("Homeowners' Association") and the individual owners of units in a Savannah condominium complex ("unit owners") involving Sheehan's attempts to recover $95,609.36 for repair work it performed on stucco, windows, and wooden beams and struts at the condominium complex. Sheehan filed liens and a lawsuit against the unit owners and the Homeowners' Association, alleging breach of contract, suit on account, promissory estoppel, unjust enrichment, and foreclosure of liens, and seeking prejudgment interest, attorney fees, and litigation costs. In Case No. A11A1030, Sheehan appeals from the trial court's denial of its motion for partial summary judgment on its foreclosure of lien claims against all defendants and from the trial court's grant of the unit owners'[1] cross-motion for partial summary judgment as to the lien foreclosure claims and Sheehan's additional claim of unjust enrichment. In Case No. A11A1315, Sheehan appeals from the trial court's partial grant of the unit owners' motion to recover attorney fees and costs. Finding no error in Case No.

---

[1] Although they are defendants in the underlying civil action, neither the Homeowners' Association nor its president, Robert F. Gribben, who owns a unit at Fairlawn, nor another unit owner, Rita K. Gribben, joined in the motions for partial summary judgment or attorney fees. Future references to "unit owners" in this opinion do not include the Gribbens.

A11A1030, we affirm. Finding error in Case No. A11A1315, we reverse, and vacate and remand the attorney fees order for further consideration by the trial court.

Summary judgment is appropriate if the pleadings and evidence show no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[2] On appeal from the grant or denial of summary judgment, an appellate court conducts a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party.[3]

So viewed, the record shows that Fairlawn on Jones ("Fairlawn") is a four-building condominium complex in Savannah. Sheehan performed stucco repair work on some parts of the complex, then later apparently discovered interior water and termite damage that had destroyed wooden support beams and studs in some units, necessitating more repairs than initially contemplated. Sheehan billed the Homeowners' Association via invoices addressed to its president, Robert F. Gribben, for labor, supplies and equipment used for repairs at Fairlawn. Alleging that it had not been paid, Sheehan filed materialman's and contractor's liens against the Homeowners' Association and its property; the unit owners and their respective units; the Gribbens and their unit; and the related common areas of the complex. Sheehan then filed suit in the Superior Court of Chatham County on April 15, 2009, and on May 4, 2009, filed notices of suit, which are required under Georgia's lien statute, OCGA § 44-14-360 et seq. On March 25, 2010, Sheehan moved for partial summary judgment, and the unit owners filed a cross-motion for partial summary judgment.

In Case No. A11A1030, when considering Sheehan's motion for partial summary judgment on its claims of suit on account and breach of contract against the Homeowners' Association, the trial court found that the documents that Sheehan said were contracts purporting to discuss billing rates and the scope of work to be performed had not been authenticated. The trial court also found that the parties disagreed about whether language regarding window repairs in one document appeared in the original version or had been added, presumably without the consent of the other parties, by Sheehan. For these reasons, the trial court denied summary judgment, finding that a question of fact remained as to whether there was a contract and whether the parties assented to its terms. Sheehan does not assert error as to this ruling so it is not before us,[4]

---

[2] OCGA § 9-11-56 (c).

[3] *Alston & Bird LLP v. Mellon Ventures II*, 307 Ga. App. 640 (706 SE2d 652) (2011).

[4] See *EarthLink, Inc. v. Eaves*, 293 Ga. App. 75, 76 (1) (666 SE2d 420) (2008) (court need

but the trial court's finding that it could not determine whether there was a contract or assent of the parties has bearing on Sheehan's other enumerations of error.

Additionally, the trial court denied Sheehan's motion and granted the unit owners' cross-motion for partial summary judgment on Sheehan's foreclosure of lien claims, finding that the required notices of suit were filed out of time. The trial court also granted the unit owners' cross-motion for partial summary judgment on Sheehan's unjust enrichment claims, finding that the existence of a contract is required to support a valid claim. Finally, in Case No. A11A1315, the trial court granted in part and denied in part the unit owners' motion for attorney fees and costs, finding they were entitled to $6,628.39 under OCGA § 9-15-14 for expenses associated with the unjust enrichment claim, but were not entitled to fees for their defense of the lien foreclosure claims.

## Case No. A11A1030

1. Sheehan appeals from the trial court's denial of partial summary judgment on its foreclosure of lien claims, and the grant of the unit owners' cross-motion for partial summary judgment on this issue. Because Sheehan moved for summary judgment, we view the inferences on this point in the light most favorable to the unit owners, and in the light most favorable to Sheehan when considering the motion for partial summary judgment on the unjust enrichment claim.

Sheehan brings its lien claims under OCGA § 44-14-360 et seq. The liens Sheehan filed identify it as a "contractor, subcontractor and materialman, and the supplier of labor, materials and construction services."[5]

To prevail on a claim of lien foreclosure, Sheehan first needed to prove it had a contract with the unit owners, and this it has not done.

OCGA § 44-14-530 (a) provides that "[l]iens on real property . . . shall be foreclosed, when not otherwise provided for, by a compliance with his *contract* by the person claiming the lien and recording his

---

not address issue not enumerated as error).

[5] OCGA § 44-14-360 defines (1) a "contractor" as someone "having privity of contract with the owner of the real estate"; (4) "materialmen" as "all persons furnishing the materials, tools, appliances, machinery, or equipment" and (9) "subcontractor" as meaning, but not being limited to, "subcontractors having privity of contract with the contractor." OCGA § 44-14-361 (a) (2) provides that all contractors, as well as all subcontractors and materialmen furnishing material to subcontractors, shall have a special lien against real estate to which they furnish labor, services or materials.

claim and the commencement of an action therefor according to the provisions and requirements of Code Section 44-14-361.1. . . ."[6]

Although the creation of a contractors' or materialman's lien is statutory, a contract and assent to the contract must exist before an owner's land may be charged with a lien. "In the absence of a showing of a contractual relationship between the owner and the person to whom the materials were furnished, no enforceable lien is created against the owner's property."[7] In addition to having a contract, "[o]ne seeking to foreclose a contractor's lien for labor and materials must show a substantial compliance with the contract."[8] Further, while "[w]e recognize the principle that in some instances a true owner may bind himself where improvements are made on his property if he consents to the contract under which the improvements are made,"[9] two things are lacking in the case at bar. First, there is no finding that a contract existed between the Homeowners' Association and Sheehan, and second, there is no showing that the unit owners consented to the contract "(assuming that such a contract existed) as opposed merely to the work which the appellant performed on [their] property."[10]

Because the trial court found that a question of fact remained as to whether there was a contract or assent of the parties, and because a contract is a condition precedent to foreclosing a lien under the statute as it applies here, the trial court was correct in denying Sheehan's motion for partial summary judgment on its claims of lien foreclosure and in granting the unit owners' cross-motion on the same issue. We affirm.[11]

2. Sheehan argues that the trial court erred in granting partial summary judgment to the unit owners on Sheehan's unjust enrichment claims. Sheehan also alleges that the unit owners knew of the value bestowed upon them through the repair work, yet failed to stop the performance or reject the benefit prior to receipt. Because the unit owners moved for partial summary judgment on the unjust enrich-

---

[6] (Emphasis supplied.)

[7] (Citations omitted.) *Liggett v. Harper*, 151 Ga. App. 616, 617 (1) (260 SE2d 735) (1979).

[8] (Citations and punctuation omitted.) *Summit-Top Dev. v. Williamson Constr.*, 203 Ga. App. 460, 462 (2) (416 SE2d 889) (1992).

[9] (Citation, punctuation and emphasis omitted.) *Liggett*, supra at 618 (1).

[10] (Emphasis omitted.) Id.

[11] Although the trial court's summary judgment decision on the lien foreclosure issue was based on a different legal theory, that Sheehan's notices of suit were filed out of time, we will affirm the judgment of the trial court if it is right for any reason. "A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed." (Footnote omitted.) *Alston & Bird LLP*, supra.

ment claim, we view the evidence in the light most favorable to Sheehan.[12]

Sheehan argues that it expended time and effort, hired workers, paid subcontractors and materialmen, purchased material and rented equipment, incurring $92,879.92 in costs and, under the terms of its purported contract, earning ten percent profit of $9,287.99 for a total of $102,167.91. Sheehan only billed the Homeowners' Association for $95,609.36, but alleges the Homeowners' Association still refused to pay.

While Sheehan identifies itself as a contractor, subcontractor and materialman, it does not identify which work it performed in which role, or which papers among the voluminous documentation it submitted to this court, including invoices to the Homeowners' Association and bills paid or costs incurred in its dealings with suppliers and the like, apply to it in these varied roles. Nor did the trial court make findings as to Sheehan's status as a contractor, subcontractor or materialman in this or any other context. As such, questions of fact remain about what work Sheehan performed, what invoices it submitted, and what value it conferred in which role. Sheehan's identity in this context as a contractor, subcontractor or materialman affects any analysis of its unjust enrichment claims.

The trial court granted the unit owners' motion for summary judgment on Sheehan's unjust enrichment claims, citing *P.P.G. Indus. v. Hayes Constr. Co.*,[13] which provides that "a materialman or subcontractor may not recover against an owner or general contractor with whom it has no contractual relationship, based on the theory of unjust enrichment or implied contract; rather, it is limited to the statutory remedies provided by Georgia's lien statute."[14] The trial court did not analyze or rule upon the unjust enrichment claim in any context where Sheehan may have been acting as a contractor, a situation in which the analysis of an unjust enrichment claim may have differed.[15]

Because the trial court found that it had insufficient evidence to decide whether or not Sheehan had a contract, it had to grant the unit owners' motion for summary judgment on this issue. If there

---

[12] Sheehan has elected not to include the transcript of the summary judgment hearing in the record on appeal. "To the extent that the proof necessary for determination of the issues on appeal has been omitted from the record, we must assume that the judgment below was correct and affirm." *Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 251, n. 1 (699 SE2d 439) (2010), citing *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998).

[13] 162 Ga. App. 151 (290 SE2d 347) (1982).

[14] (Citations omitted.) Id. at 151 (1).

[15] See *Holder Constr. Group v. Ga. Tech Facilities*, 282 Ga. App. 796, 801 (4) (640 SE2d 296) (2006); *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777, 782 (2) (300 SE2d 180) (1983).

had been a contract, then Sheehan would, of course, have been a "contractor." Again, we will affirm a grant of summary judgment if it is right for any reason.[16] Discerning no error, we affirm.

## Case No. A11A1315

3. Pursuant to OCGA § 9-15-14, the trial court granted, in part, the unit owners' motion for attorney fees, awarding $6,628.39 for the fees and expenses incurred in litigating the unjust enrichment claim. Sheehan alleges that the trial court's award was in error (1) because the court made no specific findings of fact as required by OCGA § 9-15-14; (2) because Sheehan's unjust enrichment claims were not frivolous; and (3) because a bona fide controversy existed.

OCGA § 9-15-14 authorizes a trial court to award litigation costs and attorney fees for frivolous actions and defenses. The trial court's order in the case sub judice cites both OCGA § 9-15-14 (a) and (b) prior to its discussion of the unjust enrichment claim, but mentions neither in the portion of its order actually awarding the fees. Regardless of which subsection the court relied upon, an order is "legally insufficient [when] the trial court failed to set forth findings of fact to support an award under OCGA § 9-15-14."[17]

The trial court in the case sub judice makes neither findings of fact nor findings as to conduct authorizing an award. In pertinent part, the order says only, "[t]he [c]ourt finds that [p]laintiff was not entitled to recover against [d]efendant unit owners based on a theory of unjust enrichment."

A judgment devoid of express findings of fact and conclusions of law as to the statutory basis for an award of attorney fees under OCGA § 9-15-14 "must be vacated and the case must be remanded for reconsideration . . . with direction that the trial court either include in its order findings of the conduct that authorized the award or vacate its order."[18]

Accordingly, we vacate the trial court's judgment on the award of attorney fees, and direct the trial court upon remand to reconsider the award under OCGA § 9-15-14 and to make appropriate findings of fact and enter a new judgment from which appeal by either party is authorized.

In light of our holdings supra, we need not reach Sheehan's remaining enumerations of error as to the award of attorney fees, as

---

[16] *Alston & Bird LLP,* supra.

[17] (Citation omitted.) *Reese v. Grant,* 277 Ga. 799 (596 SE2d 139) (2004). Accord *Porter v. Felker,* 261 Ga. 421, 422 (3) (405 SE2d 31) (1991) (trial court's order must include findings of conduct authorizing award under OCGA § 9-15-14).

[18] (Citation omitted.) *Moore v. Moore,* 307 Ga. App. 889 (2) (706 SE2d 465) (2011), citing *Gilchrist v. Gilchrist,* 287 Ga. App. 133-134 (1) (650 SE2d 795) (2007).

they are not yet ripe for review.

*Judgment affirmed in Case No. A11A1030. Judgment reversed and vacated, and case remanded in Case No. A11A1315. Smith, P. J., and Dillard, J., concur.*

DECIDED NOVEMBER 22, 2011.

*David M. Conner*, for appellant.

*Cole, Fleming & Clark, Margaret K. Clark, McCorkle & Johnson, Colby E. Longley, Mathew M. McCoy, Weinstock & Scavo, Elizabeth A. Frey, Taylor, English & Duma, Joseph C. Sullivan, Elizabeth F. Thompson, Louis R. Cohan*, for appellees.