BARNES, Presiding Judge,
concurring specially.
While I concur fully in Divisions 1, 3, and 4 of the majority opinion and with the judgment, I do not agree with the majority’s analysis and conclusion in Division 2 regarding the application of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (“FIRREA”), 12 USC § 1821.[13] In my view, the defendant’s challenge to the plaintiff bank’s entitlement to “default interest” is a basic defense that is not subject to FIRREA’s administrative exhaustion requirement. Thus, in contrast to the majority, I would conclude that the defendants’ challenge to a “default interest” award can be asserted in this litigation, although I would conclude that such a challenge fails on the merits as a matter of law.
As the majority notes, FIRREA imposes an administrative exhaustion requirement on all claims and actions that fall within the ambit of 12 USC § 1821 (d) (13) (D). See Gravitt v. Bank of the Ozarks, 326 *306 Ga. App. 461, 466 (2) (756 SE2d 695) (2014); Olde Towne Tyrone v. Multibank 2009-1 CRE Venture, 326 Ga. App. 322, 325-326 (1) (756 SE2d 558) (2014); Bobick v. Community & Southern Bank, 321 Ga. App. 855, 862 (3) (743 SE2d 518) (2013). See siso American First Fed. v. Lake Forest Park, 198 F3d 1259, 1263-1264 (11th Cir. 1999). The exhaustion requirement applies to requests for relief properly characterized as:
(1) claims for payment from assets of any depository institution for which the FDIC has been appointed Receiver;
(2) actions for payment from assets of such depository institutions;
(3) actions seeking a determination of rights with respect to the assets of such depository institutions; and
(4) claims relating to any act or omission of such institution or the FDIC as receiver.
(Punctuation omitted.) Bobick, 321 Ga. App. at 862 (3) (quoting American First Fed., 198 F3d at 1263). “Moreover, all claims falling within 12 USC § 1821 (d) (13) (D) are subject to the exhaustion requirement regardless of whether they are asserted as initial claims or as counterclaims,” and, therefore, “if a claim or counterclaim falls within the scope of [the statute], courts are divested of subject matter jurisdiction if the claimant failed to exhaust his or her administrative remedies before the FDIC.” (Citation and punctuation omitted.) Gravitt, 326 Ga. App. at 467 (2). See Bobick, 321 Ga. App. at 862-863 (3).
Unlike counterclaims, affirmative defenses generally are not subject to the administrative exhaustion requirement. See Bobick, 321 Ga. App. at 867 (3) (e). “An affirmative defense is a response to a plaintiff’s claim which attacks the plaintiff’s legal right to bring an action. A counterclaim, in contrast, seeks some type of affirmative relief against the plaintiff.” (Citations and punctuation omitted.) Id.
Additionally, although we have not been called upon to address the issue, basic defenses to a lawsuit, even if they do not technically constitute affirmative defenses, fall outside the exhaustion requirement imposed by 12 USC § 1821 (d) (13) (D). In Nat. Union Fire Ins. Co. of Pittsburgh, Pa. v. City Savings, 28 F3d 376, 393 (3d Cir. 1994), the Third Circuit Court of Appeals addressed the scope of the exhaustion requirement and, in doing so, explained the difference between a basic defense and an affirmative defense.
*307 Black’s Law Dictionary defines “defense,” in relevant part, as follows:
That which is offered and alleged by the party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks. That which is put forward to diminish plaintiff’s cause of action or defeat recovery. . . .
A response to the claims of the other party, setting forth reasons why the claims should not be granted. The defense may be as simple as a flat denial of the other party’s factual allegations or may involve entirely new factual allegations. In the latter situation, the defense is an affirmative defense.
“Affirmative defense” is defined in more detail as follows:
In pleading, matter asserted by defendant which, assuming the complaint to be true, constitutes a defense to it. A response to a plaintiff’s claim which attacks the plaintiff’s [legal] right to bring an action, as opposed to attacking the truth of claim. Under the [Federal] Rules of Civil Procedure, and also under most state Rules, all affirmative defenses must be raised in the responsive pleading (answer).
(Emphasis omitted.) Id. at 393 (quoting Black’s Law Dictionary 60, 419 (6th ed. 1990)). The Third Circuit reasoned “that a defense or affirmative defense is not properly called an ‘action’ or a ‘claim’ but is rather a response to an action or a claim,” and that, as a result, neither basic defenses nor affirmative defenses are subject to the exhaustion requirement imposed by 12 USC § 1821 (d) (13) (D). (Emphasis in original.) Nat. Union Fire Ins. Co., 28 F3d at 393.
Both this Court and the Eleventh Circuit have previously relied upon the Third Circuit’s reasoning in Nat. Union Fire Ins. Co. to ascertain the meaning of “claim” and “action” under 12 USC § 1821 (d) (13) (D), and we should do so again here and recognize that both basic and affirmative defenses are not subject to administrative exhaustion. See American First Fed., 198 F3d at 1263; Bobick, 321 Ga. App. at 862 (3). The pertinent question in this case thus is whether the defendants’ contentions are properly characterized as *308 counterclaims (which are subject to administrative exhaustion), or as basic or affirmative defenses (which are not subject to administrative exhaustion).
Decided July 16, 2015
Schulten, Ward & Turner, Kevin L. Ward, Andrea L. Pawlak, for appellant.
Andersen, Tate & Carr, R. Matthew Reeves, Graham K. Brantley; The Barnes Law Group, Roy E. Barnes, John F. Salter, J. Cameron Tribble; Levenson & Associates, Louis Levenson, for appellees.
In outlining their contentions in the consolidated pretrial order, the defendants contend that Integrity failed to provide them with proper notice of their alleged default on the loan, eliminating or reducing any award of “default interest” to RES-GA SCL, LLC. In my view, the defendants’ contention that RES-GA should be denied all or part of its request for “default interest” should be characterized as a basic defense rather than as a counterclaim. The defendants’ contention is merely an argument over the amount and type of damages RES-GA should be entitled to recover on its claims for breach of the note and guaranty. In other words, it is simply an effort by the defendants to explain “why [RES-GA] should not recover or establish what [it] seeks” and to “diminish [RES-GA’s] cause of action,” and thus should be construed as a basic defense falling outside the scope of the exhaustion requirement. (Citation and punctuation omitted.) Nat. Union Fire Ins. Co., 28 F3d at 393.
For this reason, the trial court erred to the extent that it granted summary judgment to RES-GA on the ground that the defendants’ basic defense to the amount and type of damages RES-GA sought to recover was barred by FIRREA’s administrative exhaustion requirement imposed by 12 USC § 1821 (d) (13) (D). Nevertheless, it is well established that a trial court’s grant of summary judgment will be affirmed if right for any reason. See Dan J. Sheehan Co. v. Fairlawn on Jones Homeowners’ Assn., 312 Ga. App. 787, 790 (1), n. 11 (720 SE2d 259) (2011). RES-GA also moved for summary judgment on the alternative ground that the defendants’ defenses, including their challenge to an award of “default interest,” failed on the merits as a matter of law. My review of the record leads me to conclude that RES-GA is right in this respect and, therefore, I believe that the trial court’s grant of summary judgment to RES-GA should be affirmed, as the majority ultimately concludes.

 Consequently, Division 2 of the majority opinion may not be cited as binding precedent. See Court of Appeals Rule 33 (a).