# Court of Appeals
# of the State of Georgia

ATLANTA,  October 19, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0382.  CORRIE JOHNSON v. NORDSTROM, INC.

In 2014, Corrie Johnson filed suit against Nordstrom, Inc. ("Nordstrom"), alleging that the retail company was using her idea for a marketing mobile software application without paying her. On June 9, 2015, the trial court granted Nordstrom's motion for summary judgment. Johnson never appealed this order. More than a year after the entry of final judgment, Johnson filed several post-judgment motions including, a Motion to Set Aside Judgment, a Motion for Default Judgment, and a Motion to Amend Pleadings. The trial court entered an order on February 23, 2017, summarily denying all three motions. Johnson sought discretionary review of the denial of her Motion to Set Aside Judgment, which we denied. See Case No. A17D0365 (decided April 25, 2017).

On June 7, 2017, Johnson filed another Motion to Amend Pleadings, seeking to supplement and amend her original complaint. On July 5, 2017, the trial court denied Johnson's motion.[1] She then filed the instant direct appeal, challenging the trial court's denial of her Motion to Amend Pleadings. We, however, lack jurisdiction for several reasons.

---

[1] In the July 5, 2017 order, the trial court also: (1) granted Nordstrom's motion to dismiss appeal; (2) denied Nordstrom's amended motion for attorneys' fees and expenses; and (3) denied additional post-judgment motions filed by Johnson.

First, although styled as a Motion to Amend Pleadings, Johnson's most recent motion is in essence yet another attempt to challenge the trial court's grant of Nordstrom's motion for summary judgment.[2] See *Rubiani v. State*, 279 Ga. 299, 299 n.1 (612 SE2d 798) (2005) (the substance of a motion, rather than its nomenclature, controls). Johnson never sought to appeal the trial court's entry of judgment. Moreover, her present attempt to indirectly contest the June 9, 2015 ruling — more than two years after the entry of judgment — is clearly untimely. See OCGA § 5-6-38 (a) (A notice of appeal must be filed within 30 days of the entry of the order sought to be appealed.); *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court.") (punctuation omitted).

Second, to the extent that Johnson's June 7 motion may be construed as a motion for reconsideration of the trial court's grant of summary judgment, the denial of a motion for reconsideration is not directly appealable, and the filing of such a motion does not extend the time for filing an appeal. *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271- 272 (326 SE2d 5) (1985).

Lastly, to the extent that Johnson is seeking to set aside the trial court's entry of summary judgment, we already denied her application for discretionary review. That denial was an adjudication on the merits, thus the doctrine of res judicata bars this direct appeal. See *Northwest Social & Civic Club, Inc. v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 260-261 (1) (649 SE2d 313) (2007).

---

[2] In any event, Johnson's Motion to Amend Pleadings to add a fraud claim more than two years after the grant of summary judgment is clearly untimely. See *Duffy v. Landings Assn., Inc.*, 254 Ga. App. 506, 509 (2) (563 SE2d 174) (2002) ("While the right to amend is very broad, it may not be exercised after the case has been tried and judgment rendered therein.") (citation omitted).

For the foregoing reasons, Johnson's direct appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  10/19/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen*      *, Clerk.*